William P. Kealey (State Bar No. 145386)
STUART & BRANIGIN LLP
300 Main Street, Suite 800
P. O. Box 1010
Lafayette, IN 47902
Telephone: (765) 428-7077

Andrew W. Stroud (State Bar No. 126475)
Landon D. Bailey (State Bar No. 240236)
MENNEMEIER, GLASSMAN & STROUD LLP
980 9th Street, #1700
Sacramento, CA 95814
Telephone: 916-553-4000
Facsimile:  916-553-4011

*Attorneys for Plaintiff Maui X-Stream, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAUI X-STREAM, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARBEN KRYEZIU, ANTHONY DeFRANCESCHI, ONAVIA, INC., DOXASOFT TECHNOLOGIES, INC., and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR BREACH OF CONTRACT, BREACH OF DUTY OF LOYALTY, TRADE SECRET MISAPPROPRIATION, LANHAM ACT VIOLATIONS, AND UNFAIR COMPETITION** <br><br> **DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Maui X-Stream, Inc., (MXS), by counsel, for its complaint against the above-captioned defendants, states:

**Parties**

1. MXS is a Hawaii corporation with its principal place of business in Maui, Hawaii.

2. Arben Kryeziu is an individual. MXS is informed and believes and based thereon alleges that Kryeziu resides in San Francisco, California.

---

1

COMPLAINT FOR BREACH OF CONTRACT, BREACH OF DUTY OF LOYALTY, TRADE SECRET
MISAPPROPRIATION, LANHAM ACT VIOLATIONS, AND UNFAIR COMPETITION

3.   Anthony DeFranceschi is an individual resident in San Francisco, California.

4.   Onavia, Inc. is a California corporation with its principal place of business at DeFranceschi's home address, 427 Connecticut Street, San Francisco, California.

5.   Doxasoft Technologies, Inc. is a California corporation with its principal place of business in Valencia, California.

**Jurisdiction and Venue**

6.   This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332(a)(1), 1338, and principles of supplemental jurisdiction, because a federal question is alleged under the Lanham Act and unfair competition allegations are joined with a substantial and related claim under the trademark laws, and because there is complete diversity of citizenship.

7.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

**General Allegations**

8.   Kryeziu and James Kartes co-founded MXS in 2003 for the purpose of creating and selling video streaming products and services. Kryeziu was an officer of MXS. Kryeziu contributed confidential video streaming work-product to MXS. MXS released its video-streaming product under the "VX-30" trademark, which MXS continues to sell today. From 2003 to 2005, Kryeziu worked for MXS creating and managing improvements to the VX-30 product.

9.   In 2005, Doxasoft and DeFranceschi contacted MXS President James Kartes to express their interest in buying MXS. Kartes declined their offer.

10.  Kryeziu subsequently quit his position with MXS. Kryeziu represented to MXS that he had returned to MXS all video streaming work-product in his possession, and that he retained none.

2
COMPLAINT FOR BREACH OF CONTRACT, BREACH OF DUTY OF LOYALTY, TRADE SECRET
MISAPPROPRIATION, LANHAM ACT VIOLATIONS, AND UNFAIR COMPETITION

11. MXS is informed and believes and based thereon alleges that Kryeziu's representations were false; that Kryeziu retained then and continues to retain today trade secret video streaming work-product that is the property of MXS; and that Kryeziu has given DeFranceschi, Onavia, and Doxasoft unauthorized access to said trade secrets, with the knowing complicity of DeFranceschi, Onavia, and Doxasoft.

### Count I – Breach of Contract
**(Against Kryeziu)**

12. MXS hereby incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

13. Kryeziu entered into a series of oral and written agreements with MXS, under which Kryeziu promised to perform product development tasks for MXS and keep MXS proprietary information confidential from third-parties.

14. MXS has performed the above-referenced agreements.

15. Kryeziu has breached the above-referenced agreements by, among other things, misappropriating MXS property, providing unauthorized access to MXS proprietary information, and collecting compensation from MXS for unperformed work and unfinished deliverables, and has thereby harmed MXS in an amount according to proof.

16. To the extent that the harm caused by Kryeziu is not susceptible to remedy by damages, injunctive relief is necessary to make MXS whole, and furthermore is necessary to protect MXS from future harm.

### Count II – Breach of Duty of Loyalty
**(Against Kryeziu)**

17. MXS incorporates by reference the foregoing averments.

18. As an employee, founder, and officer of MXS, Kryeziu had a fiduciary duty of loyalty to act solely for the benefit of MXS. Kryeziu was obligated to account fully and

accurately to MXS for all video streaming work-product by him and persons acting with him or under his direction, and with respect thereto, to act in the highest good faith, not to act in his self-interest to the detriment of MXS, and not to deprive MXS of the benefits thereof. MXS relied upon Kryeziu to make only truthful representations to MXS, to conceal nothing from MXS, and not to engage in any activity contrary to the interests of MXS. In reliance upon these understandings, MXS did repose special faith and trust in Kryeziu and did rely upon Kryeziu to carry out his obligations with utmost good faith.

19. Kryeziu breached his fiduciary duty of loyalty as an employee and officer of MXS by, among other things, using MXS proprietary information for the benefit of commercial ventures involving Kryeziu, DeFranceschi, Doxasoft, and Onavia.

20. As a direct and proximate result of said breaches, MXS has suffered harm.

21. Because Kryeziu's actions have been willful and malicious, MXS is entitled to recover exemplary damages.

### Count III – Trade Secret Misappropriation
### (Against All Defendants)

22. MXS hereby incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

23. MXS has taken reasonable steps to maintain the secrecy of the internal engineering designs for key features of its video streaming products.

24. Said designs have commercial value on account of the fact that they are not generally known.

25. Plaintiff is informed and believes and based thereon alleges that Kryeziu, DeFranceschi, Onavia, and Doxasoft have acquired unauthorized access to MXS trade secrets through the above-alleged actions of Kryeziu.

26. Defendants are using MXS trade secrets without authorization.

27. MXS has suffered harm from said unauthorized use in an amount according to proof. If Defendants are not enjoined from use of MXS trade secrets, MXS will suffer further harm, including loss of its proprietary information and competitive position.

28. Because said misappropriation is willful and malicious, MXS is entitled to exemplary damages.

### Count IV – Lanham Act – 15 U.S.C. § 1125(a)
### (Against Onavia)

29. MXS incorporates by reference the foregoing averments.

30. MXS is informed and believes and based thereon alleges that Onavia has claimed MXS innovations as Onavia's own for marketing purposes, and thus Onavia is engaging in reverse passing-off.

31. Onavia has used false or misleading descriptions of fact, or false or misleading representations of fact, in describing its products by misrepresenting the nature, characteristics, and qualities of its goods.

32. Onavia has used false or misleading descriptions of fact, or false or misleading representations of fact, which are likely to cause confusion, or to cause mistake, or to deceive as to the origin of its goods.

33. Onavia has used a false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive as to the origin of its goods.

34. Onavia has used a false designation of origin which misrepresents the nature, characteristics, and qualities of its goods.

35. Said actions of Onavia have harmed MXS in an amount according to proof.

36. To the extent that the harm caused by Onavia is not susceptible to remedy by

damages, injunctive relief is necessary to make MXS whole, and furthermore is necessary to protect MXS from future harm.

### Count V – Unfair Competition – Bus. & Prof. Code § 17200
**(Against All Defendants)**

37. MXS incorporates by reference the foregoing averments.

38. MXS and Onavia are competitors in the market for video streaming goods and services.

39. The above-described acts of Defendants have resulted in unfair competition.

40. Defendants' marketing and promotional materials are likely to deceive the public and contain unfair, deceptive, untrue or misleading statements, which are known by the Defendants to be untrue or misleading, resulting in unfair competition and false advertising.

41. Plaintiff has suffered injury in fact and lost money or property as a result of such unfair competition and false advertising.

### Relief Requested

**WHEREFORE**, Plaintiff MXS prays for the following relief:

1. Compensatory damages in an amount according to proof.
2. An award of Defendants' profits from violations of the Lanham Act.
3. An award of additional trebled damages for Lanham Act violations.
4. Exemplary damages.
5. An accounting of all business activity by each Defendant in connection with Defendants' use of MXS property.
6. An order that each Defendant cease and be enjoined from the above-detailed misconduct, including all use of things of every kind obtained directly or indirectly from MXS, and return same to MXS.
7. Attorney's fees and costs.
8. All other just relief.

**REQUEST FOR JURY TRIAL**

Plaintiff MXS requests a trial by jury on each issue triable of right by a jury.

DATED: December 7, 2007

/S/ WILLIAM P. KEALEY/AWS
_____
William P. Kealey
California Attorney No. 145386
Stuart & Branigin LLP
300 Main Street, Suite 800
P.O. Box 1010
Lafayette, IN 47902
Telephone: (765) 428/7077

Andrew W. Stroud (State Bar No. 126475)
Landon D. Bailey (State Bar No. 240236)
MENNEMEIER, GLASSMAN & STROUD LLP
980 9th Street, #1700
Sacramento, CA 95814
Telephone: 916-553-4000
Facsimile:  916-553-4011

*Attorneys for Plaintiff Maui X-Stream, Inc.*

COMPLAINT FOR BREACH OF CONTRACT, BREACH OF DUTY OF LOYALTY, TRADE SECRET MISAPPROPRIATION, LANHAM ACT VIOLATIONS, AND UNFAIR COMPETITION