

1  ANTON DEFRANCESCHI
   tony@defranceschi.net
2  427 Connecticut St.
   San Francisco, CA 94107
3  Telephone: 415.462.6361
   Facsimile: 415.648.8664
4

5  Attorneys for Defendant (Mr. DeFranceschi is representing
   himself and Onavia, Inc.)
6

7               UNITED STATES DISTRICT COURT

8            NORTHERN DISTRICT OF CALIFORNIA

9               SAN FRANCISCO DIVISION

10

11  MAUI X-STREAM, INC.,                    Case No.    C-07-06236-SI

12           Plaintiff,                     **ANSWER AND COUNTERCLAIMS OF
                                            DEFENDANTS ANTON**
13           v.                             **DEFRANCESCHI AND ONAVIA, INC.**

14  ARBEN KRYEZIU, ANTHONY
    DeFRANCESCHI, ONAVIA, INC., and
15  DOES 1 through 10, inclusive
                                            **DEMAND FOR JURY TRIAL**
16           Defendants.
                                            Hon. Susan Ilston
17

18       Defendants Anton DeFranceschi (hereinafter "DeFranceschi"), and Onavia, Inc.

19  (hereinafter "Onavia") (collectively, the "Onavia Defendants"), by their own recognizance

20  answer the "Complaint for Breach of Contract, Breach of Duty of Loyalty, Trade Secret

21  Misappropriation, Lanham Act Violations, and Unfair Competition" filed by Plaintiff Maui X-

22  Stream, Inc.. (hereinafter "MXS") as follows:

23                              **PARTIES**

24       1.      The Onavia Defendants are without sufficient information to admit or deny the

25  allegations of Paragraph 1 and on that basis deny each and every allegation of Paragraph 1 of the

26  Complaint.

27

28

ANSWER AND COUNTERCLAIMS OF DEFENDANTS' ONAVIA, ET AL.                    1
TO PLAINTIFF MAUI X-STREAM'S COMPLAINT
CASE NO.: C-07-06236-SI

1      2.     It is the understanding of the Onavia Defendants that Arben Kryeziu is an

2  individual and therefore admit this allegation, however, it is the belief of the Onavia Defendants

3  that Defendant Kryeziu does not reside in the state of California and on that basis deny this

4  allegation of Paragraph 2 of the Complaint.

5      3.     The Onavia Defendants admit that Anton DeFranceschi is an individual residing in

6  San Francisco, California. However, Onavia Defendants point out that Defendant DeFranceschi's

7  legal first name is Anton and not Anthony, as incorrectly stated in the Complaint. In the interest

8  of judicial efficiency, Defendant DeFranceschi stipulates that Anton DeFranceschi is the intended

9  defendant in this matter, and requests Plaintiff use Anton DeFranceschi in further pleadings.

10      4.     The Onavia Defendants admit that Defendant Onavia, Inc. is a corporation

11  organized and existing under the laws of California with its principal place of business at 427

12  Connecticut St, San Francisco, CA 94107.

13      5.     The Onavia Defendants are without sufficient information to admit or deny the

14  allegations of Paragraph 5 and on that basis deny each and every allegation of Paragraph 5 of the

15  Complaint.

16                          **JURISDICTION AND VENUE**

17      6.     The Onavia Defendants admit that this action purports to arise under the laws of

18  the United States. The Onavia Defendants further admit that this Court has subject matter

19  jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1332(a)(1), 1338 and principles

20  of supplemental jurisdiction inasmuch as the Complaint purports to state claims arising under the

21  Lanham Act, unfair competition allegations, and diversity of citizenship. The Onavia Defendants

22  deny that Plaintiff MXS has any valid claim or cause against them for breach of contract, breach

23  of duty of loyalty, trade secret misappropriation, Lanham Act violations, unfair competition, or

24  any other alleged cause of action. Except as expressly admitted, the Onavia Defendants deny

25  each and every allegation of Paragraph 6 of the Complaint.

26      7.     The Onavia Defendants admit that this Court has personal jurisdiction over them

27  and admit that venue is proper in this judicial district.

28

ANSWER AND COUNTERCLAIMS OF DEFENDANTS' ONAVIA, ET AL.
TO PLAINTIFF MAUI X-STREAM'S COMPLAINT
CASE NO.: C-07-06236-SI

2

1

## GENERAL ALLEGATIONS

2      8.      The Onavia Defendants are without sufficient information to admit or deny the

3  allegations of Paragraph 8 and on that basis deny each and every allegation of Paragraph 8 of the

4  Complaint.

5      9.      The Onavia Defendants deny they contacted, alone or in concert with Doxasoft,

6  MXS President James Kartes in 2005, or any other time, to express interest in buying MXS or any

7  of its assets. The Onavia Defendants are without sufficient information to admit or deny the

8  allegations of Paragraph 9 with concern to Doxasoft and therefore deny each and every allegation

9  of Paragraph 9 of the Complaint.

10      10.      The Onavia Defendants are under the belief, through discussions with Defendant

11  Kryeziu, that Defendant Kryeziu quit any position he had at MXS in April of 2005, however the

12  Onavia Defandants have never seen a termination agreement between Defendant Kryeziu and

13  MXS and are therefore without sufficient information to admit or deny the allegations of

14  Paragraph 10, and on that basis deny each and every allegation of Paragraph 10 of the Complaint.

15      11.      To the best of their knowledge, the Onavia Defendants deny receiving any

16  unauthorized access to any MXS trade secrets or property, and expressly deny knowingly

17  receiving any such materials whether written or verbal. The Onavia Defendants are without

18  sufficient information to admit or deny the remaining allegations of Paragraph 11 with concern to

19  what Defendant Kryeziu may or may not have retained from MXS or provided Doxasoft access

20  to, and on that basis deny each and every allegation of Paragraph 11 of the Complaint.

21

## COUNT 1: BREACH OF CONTRACT (against Kryeziu)

22      12.      The Onavia Defendants incorporate by reference their answer set forth in

23  paragraphs one through eleven above.

24      13.      The Onavia Defendants are without sufficient information to admit or deny the

25  allegations of Paragraph 13 and on that basis deny each and every allegation of Paragraph 13 of

26  the Complaint not expressly admitted through incorporation by reference of the paragraphs one

27  through eleven.

28

ANSWER AND COUNTERCLAIMS OF DEFENDANTS' ONAVIA, ET AL.
TO PLAINTIFF MAUI X-STREAM'S COMPLAINT                                3
CASE NO.: C-07-06236-SI

1    14.    The Onavia Defendants are without sufficient information to admit or deny the

2    allegations of Paragraph 14 and on that basis deny each and every allegation of Paragraph 14 of

3    the Complaint.

4    15.    The Onavia Defendants are without sufficient information to admit or deny the

5    allegations of Paragraph 15 and on that basis deny each and every allegation of Paragraph 15 of

6    the Complaint.

7    16.    The Onavia Defendants are without sufficient information to admit or deny the

8    allegations of Paragraph 16 and on that basis deny each and every allegation of Paragraph 16 of

9    the Complaint.

10                **COUNT 2: BREACH OF DUTY OF LOYALTY (Against Kryeziu)**

11    17.    The Onavia Defendants incorporate by reference their answer set forth in

12    paragraphs one through sixteen above.

13    18.    The Onavia Defendants are without sufficient information to admit or deny the

14    allegations of Paragraph 18 and on that basis deny each and every allegation of Paragraph 18 of

15    the Complaint.

16    19.    The Onavia Defendants deny that any MXS proprietary information has been used

17    for the benefit of the commercial ventures of the Onavia Defendants.  The Onavia Defendants are

18    without sufficient information to admit or deny the allegations of Paragraph 19 in respect to

19    personal ventures of Defendant Kryeziu or ventures of Doxasoft, and therefore deny each and

20    every allegation of Paragraph 19 of the Complaint.

21    20.    The Onavia Defendants deny MXS has suffered any harm due to any actions of the

22    Onavia Defendants. The Onavia Defendants are without sufficient information to admit or deny

23    the allegations of Paragraph 20 in respect to actions taken by any other defendants, and therefore

24    deny each and every allegation of Paragraph 20 of the Complaint.

25    21.    The Onavia Defendants are without sufficient information to admit or deny the

26    allegations of Paragraph 21 and on that basis deny each and every allegation of Paragraph 21 of

27    the Complaint.

28            **COUNT 3: TRADE SECRET MISAPPROPRIATION (Against All Defendants)**

1    22.    The Onavia Defendants incorporate by reference their answer set forth in
2    paragraphs one through twenty-one above.

3    23.    The Onavia Defendants are without sufficient information to admit or deny the
4    allegations of Paragraph 23 and on that basis deny each and every allegation of Paragraph 23 of
5    the Complaint.

6    24.    The Onavia Defendants are without sufficient information to admit or deny the
7    allegations of Paragraph 24 without knowing what engineering designs Plaintiff MXS is referring
8    to, or examining those designs to determine their commercial value. On that basis Onavia
9    Defendants deny each and every allegation of Paragraph 24 of the Complaint.

10    25.    The Onavia Defendants deny that they have acquired unauthorized access to MXS
11    trade secrets through Defendant Kryeziu or any other means. The Onavia Defendants further deny
12    that they have ever seen any MXS internal engineering designs for any of MXS video streaming
13    products through Defendant Kryeziu or any other means. The Onavia Defendants are without
14    sufficient information to admit or deny the allegations of Paragraph 25 as they pertain to
15    Defendant Kryeziu or Doxasoft, and on that basis deny each and every allegation of Paragraph 25
16    of the Complaint.

17    26.    The Onavia Defendants deny any use, authorized or unauthorized, or any
18    possession of MXS trade secrets. The Onavia Defendants are without sufficient information to
19    admit or deny the allegations of Paragraph 26 as they pertain to Defendant Kryeziu or Doxasoft,
20    and on that basis deny each and every allegation of Paragraph 26 of the Complaint.

21    27.    The Onavia Defendants deny MXS has suffered any harm due to any actions of the
22    Onavia Defendants. The Onavia Defendants are without sufficient information to admit or deny
23    the allegations of Paragraph 27 in respect to actions taken by any other defendants, and therefore
24    deny each and every allegation of Paragraph 27 of the Complaint.

25    28.    The Onavia Defendants deny MXS has suffered any harm due to any actions of the
26    Onavia Defendants, and therefore deny that MXS is entitled to exemplary damages from the
27    Onavia Defendants. The Onavia Defendants are without sufficient information to admit or deny

28

ANSWER AND COUNTERCLAIMS OF DEFENDANTS' ONAVIA, ET AL.
TO PLAINTIFF MAUI X-STREAM'S COMPLAINT                                     5
CASE NO.: C-07-06236-SI

1 │ the allegations of Paragraph 28 in respect to actions taken by any other defendants, and therefore

2 │ deny each and every allegation of Paragraph 28 of the Complaint.

3 │ **COUNT 4: LANHAM ACT – 15 USC § 1125(a) (Against Onavia)**

4 │ 29.     Defendant Onavia incorporates by reference their answer set forth in paragraphs

5 │ one through twenty-eight above.

6 │ 30.     Defendant Onavia denies claiming any MXS innovations as their own for

7 │ marketing or any other purposes, and on this basis denies each and every allegation of paragraph

8 │ 30 of the Complaint.

9 │ 31.     Defendant Onavia denies all allegations of paragraph 31 of the Complaint. All

10 │ statements concerning the Defendant Onavia's goods are accurate and can be substantiated.

11 │ 32.     Defendant Onavia denies all allegations of paragraph 32 of the Complaint. All

12 │ statements concerning the Onavia Defendants' goods are intended to give potential customers

13 │ accurate and clear information regarding the features and capabilities of the goods, and all

14 │ statements can be substantiated.

15 │ 33.     Defendant Onavia denies the allegations of paragraph 33 of the Complaint, and

16 │ specifically deny using any false statements or false designations of origin for any goods.

17 │ Further, Onavia Defendant denies that any statements concerning their goods are likely to

18 │ confuse, cause mistake, or deceive the origin of their goods. All statements concerning Defendant

19 │ Onavia's goods are intended to give potential customers accurate and clear information regarding

20 │ the features, platform, origin of development, and capabilities of the goods. All statements made

21 │ by Defendant Onavia can be substantiated.

22 │ 34.     Defendant Onavia denies the allegations of paragraph 34 of the Complaint, and

23 │ specifically deny using any false statements or false designations of origin for any goods.

24 │ Further, Defendant Onavia denies that any statements concerning their goods are likely to

25 │ confuse, cause mistake, or deceive the origin of their goods. All statements concerning Defendant

26 │ Onavia's goods are intended to give potential customers accurate and clear information regarding

27 │ the features, platform, origin of development, and capabilities of the goods. All statements made

28 │ by Defendant Onavia can be substantiated.

1    35.    Defendant Onavia denies MXS has suffered any harm due to any actions of

2    Defendant Onavia, nor has or can MXS show any actual or potential harm caused by the actions

3    of Defendant Onavia.

4    36.    Defendant Onavia denies that MXS has suffered any potential or actual harm from

5    the actions of the Defendant Onavia and on at basis denies each and every allegation of paragraph

6    36 of the Complaint.

7    **COUNT 5: UNFAIR COMPETITION – BUS. & PROF. CODE § 17200 (Against All**

8    **Defendants)**

9    37.    The Onavia Defendants incorporate by reference their answer set forth in

10    paragraphs one through thirty-six above.

11    38.    The Onavia Defendants admit that they are competing with MXS in the same

12    broad and general market of video streaming goods and services. However, Onavia Defendants

13    deny that they are in a direct market competition with MXS. To the best of the Onavia

14    Defendants' knowledge MXS has no commercial product available for sale that is in direct

15    competition with Onavia, namely the Onavia Defendants' high-definition H.264 video player.

16    Onavia Defendants further claim that Onavia and MXS products are substantially different in

17    functionality and the market segments they address. The Onavia Defendants' products were

18    developed "from scratch" in-house and have resulted in a market leading innovation that is not

19    available through either MXS or any other known software companies in the market.

20    39.    The Onavia Defendants deny that their actions have resulted in unfair competition.

21    The Onavia Defendants are without sufficient information to admit or deny the allegations of

22    Paragraph 39 in respect to actions taken by any other defendants, and therefore deny each and

23    every allegation of Paragraph 39 of the Complaint.

24    40.    The Onavia Defendants deny the allegations of paragraph 40 of the Complaint, and

25    specifically deny that Onavia's promotional materials are likely to deceive the public. The Onavia

26    Defendants further deny that their marketing and promotional materials contain any unfair,

27    deceptive, untrue or misleading statements. All statements concerning the Onavia Defendants'

28    goods are intended to give potential customers accurate and clear information regarding the

1    features, platform, origin of development, and capabilities of the goods. All statements made by

2    the Onavia Defendants can be substantiated. The Onavia Defendants are without sufficient

3    information to admit or deny the allegations of Paragraph 40 in respect to actions taken by any

4    other defendants, and therefore deny each and every allegation of Paragraph 40 of the Complaint.

5         41.    The Onavia Defendants deny that MXS has suffered any injury, any potential or

6    actual loss of money or property arising from any of the actions of the Onavia Defendants. The

7    Onavia Defendants are without sufficient information to admit or deny the allegations of

8    Paragraph 41 in respect to actions taken by any other defendants, and therefore deny each and

9    every allegation of Paragraph 41 of the Complaint.

10                              **ADDITIONAL DEFENSES**

11        For their further and separate defensives to the allegations of the Complaint, and without

12   assuming any burden of proof they would otherwise bear under applicable law, the Onavia

13   Defendants plead as follows:

14                            **FIRST ADDITIONAL DEFENSE**

15        42.    The Complaint fails to state any non-frivolous fact-based claim upon which relief

16   may be granted.

17                           **SECOND ADDITIONAL DEFENSE**

18        43.    The Onavia Defendants have not taken any actions causing trade secret

19   misappropriation, Lanham Act violations, unfair competition, or any other alleged cause of

20   action.

21                            **THIRD ADDITIONAL DEFENSE**

22        44.    MXS has not taken steps to create and protect any trade secrets consisting of

23   software engineering designs.

24                           **FOURTH ADDITIONAL DEFENSE**

25        45.    MXS has an adequate remedy at law and no basis exists for the grant of equitable

26   relief.

27

28

1

## FIFTH ADDITIONAL DEFENSE

2   46.   MXS's claims are barred by the equitable doctrines of estoppel, waiver,

3   acquiescence, and/or implied license.

4

## SIXTH ADDITIONAL DEFENSE

5   47.   Each of MXS's claims for relief is barred, in whole or in part, by the doctrine of

6   laches.

7

## SEVENTH ADDITIONAL DEFENSE

8   48.   Each of MXS's claims for relief is barred, in whole or in part, by the doctrine of

9   unclean hands.

10

## EIGHTH ADDITIONAL DEFENSE

11   49.   MXS has suffered no actual or potential injury; hence it cannot receive damages or

12   injunctive relief.

13

## NINETH ADDITIONAL DEFENSE

14   50.   No cause of action lies against the Onavia Defendants because its alleged actions

15   were at all times reasonable, privileged, and justified under the law.

16

## TENTH ADDITIONAL DEFENSE

17   51.   The Onavia Defendants reserve the right to assert other defenses as discovery

18   progresses.

19

## COUNTERCLAIM OF THE ONAVIA DEFENDANTS

20   For its separate Counterclaim against Plaintiff and Counterdefendant MXS ("MXS"),

21   Onavia Defendant Counterclaimants ("Onavia Counterclaimants") hereby allege as follows:

22

## PARTIES

23   52.   The Onavia Counterclaimants incorporate the allegations of the Answer as if set

24   forth herein.

25   53.   By its Complaint, MXS alleges that the Onavia Counterclaimants have engaged in

26   Trade Secret Misappropriation and Unfair Competition, and further alleges that Defendant and

27   Counterclaimant Onavia is in violation of Lanham Act 15 USC § 1125(a). The Onavia

28   Counterclaimants and Defendant and Counterclaimant Onavia have denied these allegations. The

1   Onavia Counterclaimants contend that they have not engaged in any activities that might be

2   construed as misappropriation of trade secrets or unfair competition. The Onavia

3   Counterclaimants further contend that they have never obtained, never been in possession, and are

4   currently not in possession of any MXS trade secrets. Defendant and Counterclaimant Onavia

5   contends it has not engaged in any activities barred by the Lanham Act. A justiciable controversy

6   therefore exists between MXS and the Onavia Counterclaimants.

7       54.     By this counterclaim, the Defendant and Counterclaimant Onavia seeks a

8   declaratory judgment that it has not violated the Lanham Act.

9       55.     By this Counterclaim, the Onavia Counterclaimants seek a declaratory judgment

10  that the Onavia Counterclaimants have not engaged in Trade Secret Misappropriation.

11      56.     By this Counterclaim, the Onavia Counterclaimants seek a declaratory judgment

12  that the Onavia Counterclaimants have not engaged in Unfair Competition against MXS.

13      57.     A judicial declaration is necessary and appropriate at this time in order that the

14  Onavia Counterclaimants may preserve the right to engage in commercial activities, preserve the

15  right to develop technical innovations for the benefit of the marketplace and their own profit.

16      58.     These counterclaims arise under federal statutory law, including 15 U.S.C. §§ 45

17  and 1125, and 28 U.S.C. § 2201, as well as the California Business and Professional Code

18  Sections 16600 and the California Unfair Competition Law (Business & Professional Code

19  Section 17200, et seq.) Accordingly, this Court has jurisdiction over these counterclaims

20  pursuant to 28 U.S.C. §§ 1331 and 1338(a). Additionally, because there are now pending before

21  this Court claims involving substantially related questions of law and fact, this Court has

22  jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1367.

23      59.     Venue properly lies in this judicial district by virtue of Counterclaim-Defendant

24  having instituted litigation in this Court and otherwise within this District and this Division, this

25  venue would also appropriately cover the Onavia Counterclaimants' claims for declaratory relief

26  because MXS is subject to personal jurisdiction in this Court. Venue would therefore be proper

27  pursuant to 28 U.S.C. § 1400(b).

28                                  **FIRST COUNTERCLAIM**

1                  **(Declaration of No Trade Secret Misappropriation Violation)**

2         60.     The Onavia Counterclaimants refer and incorporate herein by reference,

3   paragraphs 1 through 59, inclusive, of this Answer and Counterclaim.

4         61.     By its Complaint, Plaintiff MXS, alleges that the Onavia Defendants have engaged

5   in misappropriation of trade secrets. The Onavia Defendants have denied these allegations and

6   contends that MXS is merely using this claim to interfere with the business of the Onavia

7   Counterclaimants. As a consequence, there is an actual and justiciable controversy between MXS

8   and the Onavia Counterclaimants.

9         62.     A judicial declaration is necessary and appropriate at this time in order that the

10   Onavia Counterclaimants may ascertain their rights and duties with respect to the technology it

11   has developed and commercialized.

12                          **SECOND COUNTERCLAIM**

13                 **(Declaration of No Violation under the Lanham Act)**

14         63.     Counterclaimant Onavia refers and incorporate herein by reference, paragraphs 1

15   through 62, inclusive, of this Answer and Counterclaim.

16         64.     By its Complaint, MXS alleges that Counterclaimant Onavia has violated the

17   Lanham Act. Counterclaimant Onavia denies this contention and contends this claim by MXS is

18   meant only to disrupt the business of Counterclaimant Onavia and prevent possible competition

19   from a new, innovative product. As a consequence, there is an actual and justiciable controversy

20   between MXS and Counterclaimant Onavia.

21         65.     A judicial declaration is necessary and appropriate at this time in order that

22   Counterclaimant Onavia may ascertain their rights and duties with respect to the technology is

23   has developed and commercialized, and needs to continue to market.

24                          **THIRD COUNTERCLAIM**

25   **(Declaration of No violation under the California Business & Professional Code Section**

26                          **17200, et seq.)**

27         66.     Counterclaimant Onavia refers and incorporate herein by reference, paragraphs 1

28   through 65, inclusive, of this Answer and Counterclaim.

1    67.    By its Complaint, MXS alleges that Onavia Counterclaimants have violated Cal.

2    Bus. & Prof. Code Section 17200 by misappropriating MXS trade secrets and using these trade

3    secrets, along with misleading product literature, to improperly compete with MXS in the field of

4    video streaming.  The Onavia Counterclaimants strongly deny these allegations.  As a

5    consequence, there is an actual and justiciable controversy between MXS and the Onavia

6    Defendants.

7    68.    A judicial declaration is necessary and appropriate at this time in order that

8    Counterclaimant Onavia may ascertain their rights and duties with respect to the technology it has

9    developed and commercialized, and needs to continue to market.

10                              **FOURTH COUNTERCLAIM**

11    **(Declaration of Onavia Counterclaimants' Right to continue developing and marketing**

12                    **their own proprietary video streaming software)**

13    69.    The Onavia Counterclaimants refer and incorporate herein by reference,

14    paragraphs 1 through 68, inclusive, of this Answer and Counterclaim.

15    70.    By its Complaint, MXS alleges that Onavia Counterclaimants have

16    misappropriated MXS trade secrets and used these trade secrets to create Onavia software

17    products in the field of video streaming.  The Onavia Counterclaimants strongly deny these

18    allegations.  As a consequence, there is an actual and justiciable controversy between MXS and

19    the Onavia Defendants.

20    71.    By this Counterclaim, the Onavia Counterclaimants seek a declaratory judgment

21    that their software was not developed using any intellectual property created by MXS, and is

22    therefore free to continue to develop and market said technology without interference from MXS.

23    72.    A judicial declaration is necessary and appropriate at this time in order that the

24    Onavia Defendants may ascertain their rights and duties with respect to their proprietary software.

25                              **FIFTH COUNTERCLAIM**

26    **(Declaration of Counterclaimant Onavia's Right to Continue to Engage Arben Kryeziu)**

27    73.    The Onavia Counterclaimants refer and incorporate herein by reference,

28    paragraphs 1 through 72, inclusive, of this Answer and Counterclaim.

1    74.    MXS seeks to preclude Mr. Kryeziu from working and collaborating with

2    Counterclaimant Onavia, a California corporation.

3    75.    MXS's attempt to preclude Mr.Kryeziu from working and collaborating with

4    Onavia is improper and seeks to deprive Counterclaimant Onavia of its right to free access to a

5    national pool of potential employees. Further, MXS's attempt to preclude Mr. Kryeziu from

6    working and collaborating with Onavia is improper and seeks to deprive Defendant Kryeziu of

7    his freedom to use his knowledge and earn a living in the field of his choice.

8    76.    There exists an actual and justiciable controversy between MXS and

9    Counterclaimant Onavia with respect to Counterclaimant Onavia and its employees' and

10   prospective employees' rights to be free from trade restraints.

11   77.    Counterclaimant Onavia seeks a declaratory judgment that it has the right to

12   continue working and collaborating with Mr. Kryeziu in the field of video streaming technology.

13   78.    A judicial declaration is necessary and appropriate at this time so that

14   Counterclaimant Onavia can ascertain its rights with respect to its workforce.

15   **SIXTH COUNTERCLAIM**

16   **(Unfair Competition – Cal. Bus. & Prof. Code § 17200)**

17   79.    The Onavia Counterclaimants refer and incorporate herein by reference,

18   paragraphs 1 through 78, inclusive, of this Answer and Counterclaim.

19   80.    In December of 2007, Plaintiff MXS, acting in bad faith, filed a complaint against

20   Onavia Counterclaimants asserting that the Onavia Counterclaimants have engaged in

21   misappropriation of trade secrets and unfair competition and that Counterclaimant Onavia had

22   violated Lanham Act. This Complaint is lacking in probable cause, baseless, without merit,

23   frivolous, and based on false and misleading technical and factual information.

24   81.    MXS's conduct as described above constitutes unfair competition against the

25   Onavia Counterclaimants including restraining and excluding legitimate competition and

26   attempting to prevent legitimate technical innovation. Further, MXS is attempting to improperly

27   use its claims against the Onavia Counterclaimants to acquire the Onavia Counterclaimants' own

28   trade secrets and technical innovations through litigation and discovery.

ANSWER AND COUNTERCLAIMS OF DEFENDANTS' ONAVIA, ET AL.
TO PLAINTIFF MAUI X-STREAM'S COMPLAINT
CASE NO.: C-07-06236-SI

13

1    82.    The Onavia Counterclaimants have been damaged as a direct and proximate result

2    of the foregoing acts of the MXS, including loss and delay of potential customer licensing

3    agreements, and being forced to incur costs of defending the baseless MXS claims.

4                                    **SEVENTH COUNTERCLAIM**

5    **(Onavia Defendants' Claim Against MXS for Intentional Interference with Prospective**

6                                    **Economic Advantage)**

7    83.    The Onavia Counterclaimants refer and incorporate herein by reference,

8    paragraphs 1 through 82, inclusive, of this Answer and Counterclaim.

9    84.    The Onavia Counterclaimants are informed and believe that Defendant Kryeziu

10   has ceased his relationship and employment with MXS in April of 2005.

11   85.    The Onavia Counterclaimants and Defendant Kryeziu have entered into a business

12   relationship in January of 2006 for the purpose of combining Defendant Kryeziu's technical and

13   software development knowledge and Onavia Counterclaimants' market and business

14   development know-how for purpose of developing and marketing innovative software products.

15   Defendant Kryeziu is a valued asset in developing marketable products for Onavia

16   Counterclaimants.

17   86.    The Onavia Counterclaimants are informed and believe, and on that basis allege,

18   that MXS intended to disrupt this relationship by filing frivolous and baseless claims against the

19   Onavia Counterclaimants.

20   87.    The Onavia Counterclaimants are informed and believe, and on that basis allege,

21   that MXS intended to disrupt the Onavia Counterclaimants' ability to conduct its operations and

22   effectively market its products to prospective customers.

23   88.    The Onavia Counterclaimants are informed and believe, and on that basis allege

24   that as a proximate result of the disruption in their economic relationships due to MXS's wrongful

25   conduct (e.g., violations of Business & Professional Code Sections 16600 and 17200) they have

26   suffered and will continue to suffer, actual damages in an amount to be proven at trial.

27   89.    Because MXS has acted and appears to be likely to continue to act maliciously,

28   oppressively, despicably and in callous disregard of the rights and interests of the Onavia

ANSWER AND COUNTERCLAIMS OF DEFENDANTS' ONAVIA, ET AL.
TO PLAINTIFF MAUI X-STREAM'S COMPLAINT                                            14
CASE No.: C-07-06236-SI

1  Counterclaimants, the Onavia Counterclaimants are entitled to compensatory damages in a sum to
2  be proven at trial.

3                                    **PRAYER FOR RELIEF**

4        WHEREFORE, the Onavia Counterclaimants request that the Court award the following
5  relief:

6        A.    Dismiss all allegations of the MXS Complaint with prejudice and finds that MXS
7  takes nothing by its claims;

8        B.    Enter judgment in favor of the Onavia Defendants and against MXS on all claims
9  pertaining to Onavia Defendants in the MXS Complaint;

10       C.    Declare that the Defendant Onavia has not violated Lanham Act – 15 USC §
11  1125(a);

12       D.    Declare that the Onavia Defendants have not misappropriated MXS trade secrets;

13       E.    Declare that the Onavia Defendants have not violated California Business and
14  Professional Code Section 17200;

15       F.    Declare that all of the claims against Defendant DeFranceschi and Defendant
16  Onavia should be dismissed as frivolous.

17       G.    Declare that the Onavia Counterclaimants have a right to continue to develop and
18  market innovative software in the video streaming industry;

19       H.    Declare that Counterclaimant Onavia has the right to continue a business
20  relationship with Defendant Kryeziu in the area of video streaming software development;

21       I.    Declare that MXS has engaged in unfair competition towards the Onavia
22  Counterclaimants under Cal. Bus. & Prof. Code § 17200;

23       J.    Declare that MXS has intentionally interfered with the prospective economic
24  advantage and business relationships of the Onavia Counterclaimants;

25       K.    Award the Onavia Defendants and Counterclaimants attorneys' fees and costs
26  incurred as a result of MXS's frivolous lawsuit and inadequate investigation prior to filing its
27  Complaint against the Onavia Defendants;

28       L.    Grant such other and further relief as the Court deems just and proper.

1

## DEMAND FOR JURY TRIAL

2        The Onavia Defendants and Counterclaimants demand a trial by jury of any and all issues

3   triable of right by a jury in the above-captioned action.

4

5   Dated: February 29, 2008                    Respectfully submitted,

6

7                                   By: _____
                                            Anton DeFranceschi
8

9                                   ANTON DEFRANCESCHI
                                    427 Connecticut St.
10                                  San Francisco, CA 94107
                                    Telephone: 415.462.6361
11                                  Facsimile: 415.648.8664
                                    tony@defranceschi.net
12
                                    Representing Defendants:
13                                  ONAVIA, INC. AND ANTON
                                    DEFRANCESCHI
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER AND COUNTERCLAIMS OF DEFENDANTS' ONAVIA, ET AL.
TO PLAINTIFF MAUI X-STREAM'S COMPLAINT                                        16
CASE NO.: C-07-06236-SI