William P. Kealey (State Bar No. 145386)
STUART & BRANIGIN LLP
300 Main Street, Suite 900
P. O. Box 1010
Lafayette, IN 47901
Telephone: (765) 428-7077

Andrew W. Stroud (SBN 126475)
Landon D. Bailey (SBN 240236)
MENNEMEIER, GLASSMAN & STROUD LLP
980 9th Street, # 1700
Sacramento, CA 95814-2736
Telephone: 916-553-4000
Facsimile: 916-553-4011

*Attorneys for Plaintiff Maui X-Stream, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAUI X-STREAM, INC.,<br><br>                    Plaintiff,<br><br>v.<br><br>ARBEN KRYEZIU, ANTHONY DeFRANCESCHI, ONAVIA, INC., DOXASOFT TECHNOLOGIES, INC., and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No.  C 07-06236 SI<br><br>**DECLARATION OF ANDREW W. STROUD IN SUPPORT OF REQUEST FOR CONTINUANCE OF INITIAL CASE MANAGEMENT CONFERENCE** |

        I, Andrew W. Stroud, declare as follows:

        1.        I am an attorney licensed to practice law in the State of California.  I am a member of the firm of Mennemeier, Glassman & Stroud LLP, one of the counsel of record for Plaintiff Maui X-Stream, Inc. in the above case.  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently as to those facts.

        2.        I am familiar with the case files in this action.

        3.        On or about February 19, 2008, Defendant Doxasoft Technologies, Inc. filed a Judicial Council form "Answer" on behalf of itself.  Doxasoft Technologies, Inc. is a corporation.

1  However, Doxasoft is purporting to represent itself in this action.  See Exhibit A attached hereto.

2      4.  On February 29, 2008, Defendant Anton DeFranceschi provided an Answer and

3  Counterclaims to the Complaint For Breach of Contract on his own behalf and also on behalf of "the

4  Onavia Defendants by their own recognizance".  Mr. DeFranceschi has no state bar number and to the

5  best of my knowledge is not a licensed attorney.  Onavia, Inc. is a California corporation. However,

6  Mr. DeFranceschi purports to be representing Onavia, Inc. in this action.  See Exhibit B attached

7  hereto.

8      5.  On March 7, 2008, I sent a letter to Donna Stephens, the signator on the

9  Doxasoft Answer, requesting that she retain counsel to represent the corporation or my client would

10  seek entry of default.  See Exhibit C attached hereto.

11      6.  Also on March 7, 2008, I sent a letter to Anton DeFranceschi requesting him to

12  retain counsel to represent Defendant Onavia, Inc. in this action or my client would seek entry of

13  default.  See Exhibit D attached hereto

14      7.  I believe that good cause exists to continue the Case Management Conference

15  so that these parties may retain counsel and properly appear or have a default entered against them.

16      I declare under penalty of perjury under the laws of the State of California that the

17  foregoing is true and correct and that this Declaration was executed on March 7, 2008 at Sacramento,

18  California.

19

20            /S/   ANDREW W. STROUD
          ANDREW W. STROUD

21

22

23

24

25

26

27

28

DECLARATION OF ANDREW STROUD IN SUPPORT OF REQUEST FOR CONTINUANCE

**EXHIBIT A**

**PLD-C-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS):    TELEPHONE: 818.636.3293<br><br>Doxasoft Technologies, Inc.<br>P.O. Box 55565<br>Santa Clarita, CA 91385<br><br>ATTORNEY FOR (NAME): | FOR COURT USE ONLY:<br><br>**FILED**<br><br>08 FEB 19  PM 12: 48<br><br>RICHARD W. WIEKING<br>CLERK, U.S. DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA |

Insert name of court, judicial district or branch court, if any, and post office and street address:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 Golden Gate Ave. 16th Floor Clerk's Office, San Francisco, CA 94102

PLAINTIFF:
MAUI X-STREAM, INC

DEFENDANT:
DOXASOFT TECHNOLOGIES, INC
P.O. Box 55565
Valencia, CA 91385

| **ANSWER—Contract** | CASE NUMBER: |
|---|---|
| ☒  TO COMPLAINT OF (name):<br>☐  TO CROSS-COMPLAINT (name): | C 07-06236 SI |

1. This pleading, including attachments and exhibits, consists of the following number of pages:  **2**

2. DEFENDANT (name):
   answers the complaint or cross-complaint as follows:

3. Check ONLY ONE of the next two boxes:
   a.  ☐  Defendant generally denies each statement of the complaint or cross-complaint. (Do not check this box if
          the verified complaint or cross-complaint demands more than $1,000.)
   b.  ☒  Defendant admits that all of the statements of the complaint or cross-complaint are true EXCEPT:
       (1)    Defendant claims the following statements are false (use paragraph numbers or explain):

          Count III - Trade Secrets
             Doxasoft does not have any relationship with DeFrancheschi, Onavia, or Arben Kryeziu.
             Doxasoft has not acquired unauthorized access to MXS trade secrets.
             Doxasoft is not using MXS trade secrets without authorization.

          Count V - Unfair Competition  (see website: www.doxasoft.com, www.doxasoft.net)
             Doxasoft creates PC based fleet management software, facility management software and web sites, and does not have
             marketing or promotional material for MXS goods.
             Doxasoft promotional and marketing material has not changed since 12/01/03 when spam filtering service was added and
             can be verified via third party industry monitoring service Alexa (wayback machine) www.alexa.com.
             (see website: www.doxasoft.com, www.doxasoft.net)

                       ☐  Continued on Attachment 3.b.(1).
       (2)    Defendant has no information or belief that the following statements are true, so defendant denies them  (use
              paragraph numbers or explain):

          Doxasoft has no knowledge of relationships between MXS and Arben Kreyziu, or Arben Kreyziu and DeFrancheschi or Onavia
          therefore no knowledge of the following complaints:

          Count I, Count II, Count IV

                       ☐  Continued on Attachment 3.b.(2).

          If this form is used to answer a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-C-010 [Rev. January 1, 2007] | **ANSWER—Contract** | Code of Civil Procedure, § 425.12<br>www.courtinfo.ca.gov<br><br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

PLD-C-010

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Notice of Lawsuit | C 07-06238 SI |

## ANSWER—Contract

4. ☐ AFFIRMATIVE DEFENSES Defendant alleges the following additional reasons that plaintiff is not
entitled to recover anything:

☐ Continued on Attachment 4.

5. ☐ Other

6. DEFENDANT PRAYS

   a. that plaintiff take nothing.

   b. ☐ for costs of suit.

   c. ☐ other (specify):

Donna Stephens
(Type or print name)

D Stephens
(Signature of party or attorney)

For your protection and privacy, please press the Clear This

**EXHIBIT B**

1   ANTON DEFRANCESCHI
    tony@defranceschi.net
2   427 Connecticut St.
    San Francisco, CA 94107
3   Telephone: 415.462.6361
    Facsimile: 415.648.8664
4

5   Attorneys for Defendant (Mr. DeFranceschi is representing
    himself and Onavia, Inc.)
6

7                 UNITED STATES DISTRICT COURT

8                NORTHERN DISTRICT OF CALIFORNIA

9                    SAN FRANCISCO DIVISION

10

11  MAUI X-STREAM, INC.,                    Case No.    C-07-06236-SI

12              Plaintiff,                  **ANSWER AND COUNTERCLAIMS OF
                                            DEFENDANTS ANTON
13          v.                              DEFRANCESCHI AND ONAVIA, INC.**

14  ARBEN KRYEZIU, ANTHONY
    DeFRANCESCHI, ONAVIA, INC., and
15  DOES 1 through 10, inclusive            **DEMAND FOR JURY TRIAL**

16              Defendants.                 Hon. Susan Ilston

17

18      Defendants Anton DeFranceschi (hereinafter "DeFranceschi"), and Onavia, Inc.

19  (hereinafter "Onavia") (collectively, the "Onavia Defendants"), by their own recognizance

20  answer the "Complaint for Breach of Contract, Breach of Duty of Loyalty, Trade Secret

21  Misappropriation, Lanham Act Violations, and Unfair Competition" filed by Plaintiff Maui X-

22  Stream, Inc.. (hereinafter "MXS") as follows:

23                              **PARTIES**

24      1.      The Onavia Defendants are without sufficient information to admit or deny the

25  allegations of Paragraph 1 and on that basis deny each and every allegation of Paragraph 1 of the

26  Complaint.

27

28

ANSWER AND COUNTERCLAIMS OF DEFENDANTS' ONAVIA, ET AL.                                    1
TO PLAINTIFF MAUI X-STREAM'S COMPLAINT
CASE NO.: C-07-06236-SI

2.    It is the understanding of the Onavia Defendants that Arben Kryeziu is an individual and therefore admit this allegation, however, it is the belief of the Onavia Defendants that Defendant Kryeziu does not reside in the state of California and on that basis deny this allegation of Paragraph 2 of the Complaint.

3.    The Onavia Defendants admit that Anton DeFranceschi is an individual residing in San Francisco, California. However, Onavia Defendants point out that Defendant DeFranceschi's legal first name is Anton and not Anthony, as incorrectly stated in the Complaint. In the interest of judicial efficiency, Defendant DeFranceschi stipulates that Anton DeFranceschi is the intended defendant in this matter, and requests Plaintiff use Anton DeFranceschi in further pleadings.

4.    The Onavia Defendants admit that Defendant Onavia, Inc. is a corporation organized and existing under the laws of California with its principal place of business at 427 Connecticut St, San Francisco, CA 94107.

5.    The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 5 and on that basis deny each and every allegation of Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6.    The Onavia Defendants admit that this action purports to arise under the laws of the United States. The Onavia Defendants further admit that this Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1332(a)(1), 1338 and principles of supplemental jurisdiction inasmuch as the Complaint purports to state claims arising under the Lanham Act, unfair competition allegations, and diversity of citizenship. The Onavia Defendants deny that Plaintiff MXS has any valid claim or cause against them for breach of contract, breach of duty of loyalty, trade secret misappropriation, Lanham Act violations, unfair competition, or any other alleged cause of action. Except as expressly admitted, the Onavia Defendants deny each and every allegation of Paragraph 6 of the Complaint.

7.    The Onavia Defendants admit that this Court has personal jurisdiction over them and admit that venue is proper in this judicial district.

Answer and Counterclaims of Defendants' Onavia, et al.
To Plaintiff Maui X-Stream's Complaint
Case No.: C-07-06236-SI

2

# GENERAL ALLEGATIONS

8.    The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 8 and on that basis deny each and every allegation of Paragraph 8 of the Complaint.

9.    The Onavia Defendants deny they contacted, alone or in concert with Doxasoft, MXS President James Kartes in 2005, or any other time, to express interest in buying MXS or any of its assets. The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 9 with concern to Doxasoft and therefore deny each and every allegation of Paragraph 9 of the Complaint.

10.    The Onavia Defendants are under the belief, through discussions with Defendant Kryeziu, that Defendant Kryeziu quit any position he had at MXS in April of 2005, however the Onavia Defendants have never seen a termination agreement between Defendant Kryeziu and MXS and are therefore without sufficient information to admit or deny the allegations of Paragraph 10, and on that basis deny each and every allegation of Paragraph 10 of the Complaint.

11.    To the best of their knowledge, the Onavia Defendants deny receiving any unauthorized access to any MXS trade secrets or property, and expressly deny knowingly receiving any such materials whether written or verbal. The Onavia Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 11 with concern to what Defendant Kryeziu may or may not have retained from MXS or provided Doxasoft access to, and on that basis deny each and every allegation of Paragraph 11 of the Complaint.

## COUNT 1: BREACH OF CONTRACT (against Kryeziu)

12.    The Onavia Defendants incorporate by reference their answer set forth in paragraphs one through eleven above.

13.    The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 13 and on that basis deny each and every allegation of Paragraph 13 of the Complaint not expressly admitted through incorporation by reference of the paragraphs one through eleven.

14. The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 14 and on that basis deny each and every allegation of Paragraph 14 of the Complaint.

15. The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 15 and on that basis deny each and every allegation of Paragraph 15 of the Complaint.

16. The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 16 and on that basis deny each and every allegation of Paragraph 16 of the Complaint.

**COUNT 2: BREACH OF DUTY OF LOYALTY (Against Kryeziu)**

17. The Onavia Defendants incorporate by reference their answer set forth in paragraphs one through sixteen above.

18. The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 18 and on that basis deny each and every allegation of Paragraph 18 of the Complaint.

19. The Onavia Defendants deny that any MXS proprietary information has been used for the benefit of the commercial ventures of the Onavia Defendants. The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 19 in respect to personal ventures of Defendant Kryeziu or ventures of Doxasoft, and therefore deny each and every allegation of Paragraph 19 of the Complaint.

20. The Onavia Defendants deny MXS has suffered any harm due to any actions of the Onavia Defendants. The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 20 in respect to actions taken by any other defendants, and therefore deny each and every allegation of Paragraph 20 of the Complaint.

21. The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 21 and on that basis deny each and every allegation of Paragraph 21 of the Complaint.

**COUNT 3: TRADE SECRET MISAPPROPRIATION (Against All Defendants)**

22.    The Onavia Defendants incorporate by reference their answer set forth in paragraphs one through twenty-one above.

23.    The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 23 and on that basis deny each and every allegation of Paragraph 23 of the Complaint.

24.    The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 24 without knowing what engineering designs Plaintiff MXS is referring to, or examining those designs to determine their commercial value.  On that basis Onavia Defendants deny each and every allegation of Paragraph 24 of the Complaint.

25.    The Onavia Defendants deny that they have acquired unauthorized access to MXS trade secrets through Defendant Kryeziu or any other means. The Onavia Defendants further deny that they have ever seen any MXS internal engineering designs for any of MXS video streaming products through Defendant Kryeziu or any other means.  The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 25 as they pertain to Defendant Kryeziu or Doxasoft, and on that basis deny each and every allegation of Paragraph 25 of the Complaint.

26.    The Onavia Defendants deny any use, authorized or unauthorized, or any possession of MXS trade secrets.  The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 26 as they pertain to Defendant Kryeziu or Doxasoft, and on that basis deny each and every allegation of Paragraph 26 of the Complaint.

27.    The Onavia Defendants deny MXS has suffered any harm due to any actions of the Onavia Defendants. The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 27 in respect to actions taken by any other defendants, and therefore deny each and every allegation of Paragraph 27 of the Complaint.

28.    The Onavia Defendants deny MXS has suffered any harm due to any actions of the Onavia Defendants, and therefore deny that MXS is entitled to exemplary damages from the Onavia Defendants. The Onavia Defendants are without sufficient information to admit or deny

1  the allegations of Paragraph 28 in respect to actions taken by any other defendants, and therefore

2  deny each and every allegation of Paragraph 28 of the Complaint.

3  <u>**COUNT 4: LANHAM ACT – 15 USC § 1125(a) (Against Onavia)**</u>

4  29.    Defendant Onavia incorporates by reference their answer set forth in paragraphs

5  one through twenty-eight above.

6  30.    Defendant Onavia denies claiming any MXS innovations as their own for

7  marketing or any other purposes, and on this basis denies each and every allegation of paragraph

8  30 of the Complaint.

9  31.    Defendant Onavia denies all allegations of paragraph 31 of the Complaint. All

10  statements concerning the Defendant Onavia's goods are accurate and can be substantiated.

11  32.    Defendant Onavia denies all allegations of paragraph 32 of the Complaint. All

12  statements concerning the Onavia Defendants' goods are intended to give potential customers

13  accurate and clear information regarding the features and capabilities of the goods, and all

14  statements can be substantiated.

15  33.    Defendant Onavia denies the allegations of paragraph 33 of the Complaint, and

16  specifically deny using any false statements or false designations of origin for any goods.

17  Further, Onavia Defendant denies that any statements concerning their goods are likely to

18  confuse, cause mistake, or deceive the origin of their goods. All statements concerning Defendant

19  Onavia's goods are intended to give potential customers accurate and clear information regarding

20  the features, platform, origin of development, and capabilities of the goods. All statements made

21  by Defendant Onavia can be substantiated.

22  34.    Defendant Onavia denies the allegations of paragraph 34 of the Complaint, and

23  specifically deny using any false statements or false designations of origin for any goods.

24  Further, Defendant Onavia denies that any statements concerning their goods are likely to

25  confuse, cause mistake, or deceive the origin of their goods. All statements concerning Defendant

26  Onavia's goods are intended to give potential customers accurate and clear information regarding

27  the features, platform, origin of development, and capabilities of the goods. All statements made

28  by Defendant Onavia can be substantiated.

35. Defendant Onavia denies MXS has suffered any harm due to any actions of Defendant Onavia, nor has or can MXS show any actual or potential harm caused by the actions of Defendant Onavia.

36. Defendant Onavia denies that MXS has suffered any potential or actual harm from the actions of the Defendant Onavia and on at basis denies each and every allegation of paragraph 36 of the Complaint.

## COUNT 5: UNFAIR COMPETITION – BUS. & PROF. CODE § 17200 (Against All Defendants)

37. The Onavia Defendants incorporate by reference their answer set forth in paragraphs one through thirty-six above.

38. The Onavia Defendants admit that they are competing with MXS in the same broad and general market of video streaming goods and services. However, Onavia Defendants deny that they are in a direct market competition with MXS. To the best of the Onavia Defendants' knowledge MXS has no commercial product available for sale that is in direct competition with Onavia, namely the Onavia Defendants' high-definition H.264 video player. Onavia Defendants further claim that Onavia and MXS products are substantially different in functionality and the market segments they address. The Onavia Defendants' products were developed "from scratch" in-house and have resulted in a market leading innovation that is not available through either MXS or any other known software companies in the market.

39. The Onavia Defendants deny that their actions have resulted in unfair competition. The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 39 in respect to actions taken by any other defendants, and therefore deny each and every allegation of Paragraph 39 of the Complaint.

40. The Onavia Defendants deny the allegations of paragraph 40 of the Complaint, and specifically deny that Onavia's promotional materials are likely to deceive the public. The Onavia Defendants further deny that their marketing and promotional materials contain any unfair, deceptive, untrue or misleading statements. All statements concerning the Onavia Defendants' goods are intended to give potential customers accurate and clear information regarding the

1   features, platform, origin of development, and capabilities of the goods. All statements made by

2   the Onavia Defendants can be substantiated. The Onavia Defendants are without sufficient

3   information to admit or deny the allegations of Paragraph 40 in respect to actions taken by any

4   other defendants, and therefore deny each and every allegation of Paragraph 40 of the Complaint.

5      41.   The Onavia Defendants deny that MXS has suffered any injury, any potential or

6   actual loss of money or property arising from any of the actions of the Onavia Defendants. The

7   Onavia Defendants are without sufficient information to admit or deny the allegations of

8   Paragraph 41 in respect to actions taken by any other defendants, and therefore deny each and

9   every allegation of Paragraph 41 of the Complaint.

## ADDITIONAL DEFENSES

11   For their further and separate defensives to the allegations of the Complaint, and without

12   assuming any burden of proof they would otherwise bear under applicable law, the Onavia

13   Defendants plead as follows:

### FIRST ADDITIONAL DEFENSE

15      42.   The Complaint fails to state any non-frivolous fact-based claim upon which relief

16   may be granted.

### SECOND ADDITIONAL DEFENSE

18      43.   The Onavia Defendants have not taken any actions causing trade secret

19   misappropriation, Lanham Act violations, unfair competition, or any other alleged cause of

20   action.

### THIRD ADDITIONAL DEFENSE

22      44.   MXS has not taken steps to create and protect any trade secrets consisting of

23   software engineering designs.

### FOURTH ADDITIONAL DEFENSE

25      45.   MXS has an adequate remedy at law and no basis exists for the grant of equitable

26   relief.

27

28

## FIFTH ADDITIONAL DEFENSE

46.    MXS's claims are barred by the equitable doctrines of estoppel, waiver, acquiescence, and/or implied license.

## SIXTH ADDITIONAL DEFENSE

47.    Each of MXS's claims for relief is barred, in whole or in part, by the doctrine of laches.

## SEVENTH ADDITIONAL DEFENSE

48.    Each of MXS's claims for relief is barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH ADDITIONAL DEFENSE

49.    MXS has suffered no actual or potential injury; hence it cannot receive damages or injunctive relief.

## NINETH ADDITIONAL DEFENSE

50.    No cause of action lies against the Onavia Defendants because its alleged actions were at all times reasonable, privileged, and justified under the law.

## TENTH ADDITIONAL DEFENSE

51.    The Onavia Defendants reserve the right to assert other defenses as discovery progresses.

## COUNTERCLAIM OF THE ONAVIA DEFENDANTS

For its separate Counterclaim against Plaintiff and Counterdefendant MXS ("MXS"), Onavia Defendant Counterclaimants ("Onavia Counterclaimants") hereby allege as follows:

## PARTIES

52.    The Onavia Counterclaimants incorporate the allegations of the Answer as if set forth herein.

53.    By its Complaint, MXS alleges that the Onavia Counterclaimants have engaged in Trade Secret Misappropriation and Unfair Competition, and further alleges that Defendant and Counterclaimant Onavia is in violation of Lanham Act 15 USC § 1125(a). The Onavia Counterclaimants and Defendant and Counterclaimant Onavia have denied these allegations. The

1    Onavia Counterclaimants contend that they have not engaged in any activities that might be

2    construed as misappropriation of trade secrets or unfair competition. The Onavia

3    Counterclaimants further contend that they have never obtained, never been in possession, and are

4    currently not in possession of any MXS trade secrets. Defendant and Counterclaimant Onavia

5    contends it has not engaged in any activities barred by the Lanham Act.  A justiciable controversy

6    therefore exists between MXS and the Onavia Counterclaimants.

7        54.    By this counterclaim, the Defendant and Counterclaimant Onavia seeks a

8    declaratory judgment that it has not violated the Lanham Act.

9        55.    By this Counterclaim, the Onavia Counterclaimants seek a declaratory judgment

10   that the Onavia Counterclaimants have not engaged in Trade Secret Misappropriation.

11       56.    By this Counterclaim, the Onavia Counterclaimants seek a declaratory judgment

12   that the Onavia Counterclaimants have not engaged in Unfair Competition against MXS.

13       57.    A judicial declaration is necessary and appropriate at this time in order that the

14   Onavia Counterclaimants may preserve the right to engage in commercial activities, preserve the

15   right to develop technical innovations for the benefit of the marketplace and their own profit.

16       58.    These counterclaims arise under federal statutory law, including 15 U.S.C. §§ 45

17   and 1125, and 28 U.S.C. § 2201, as well as the California Business and Professional Code

18   Sections 16600 and the California Unfair Competition Law (Business & Professional Code

19   Section 17200, et seq.)  Accordingly, this Court has jurisdiction over these counterclaims

20   pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Additionally, because there are now pending before

21   this Court claims involving substantially related questions of law and fact, this Court has

22   jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1367.

23       59.    Venue properly lies in this judicial district by virtue of Counterclaim-Defendant

24   having instituted litigation in this Court and otherwise within this District and this Division, this

25   venue would also appropriately cover the Onavia Counterclaimants' claims for declaratory relief

26   because MXS is subject to personal jurisdiction in this Court.  Venue would therefore be proper

27   pursuant to 28 U.S.C. § 1400(b).

28                              **FIRST COUNTERCLAIM**

1    (Declaration of No Trade Secret Misappropriation Violation)

2    60.    The Onavia Counterclaimants refer and incorporate herein by reference,

3    paragraphs 1 through 59, inclusive, of this Answer and Counterclaim.

4    61.    By its Complaint, Plaintiff MXS, alleges that the Onavia Defendants have engaged

5    in misappropriation of trade secrets. The Onavia Defendants have denied these allegations and

6    contends that MXS is merely using this claim to interfere with the business of the Onavia

7    Counterclaimants. As a consequence, there is an actual and justiciable controversy between MXS

8    and the Onavia Counterclaimants.

9    62.    A judicial declaration is necessary and appropriate at this time in order that the

10    Onavia Counterclaimants may ascertain their rights and duties with respect to the technology it

11    has developed and commercialized.

12    **SECOND COUNTERCLAIM**

13    **(Declaration of No Violation under the Lanham Act)**

14    63.    Counterclaimant Onavia refers and incorporate herein by reference, paragraphs 1

15    through 62, inclusive, of this Answer and Counterclaim.

16    64.    By its Complaint, MXS alleges that Counterclaimant Onavia has violated the

17    Lanham Act. Counterclaimant Onavia denies this contention and contends this claim by MXS is

18    meant only to disrupt the business of Counterclaimant Onavia and prevent possible competition

19    from a new, innovative product. As a consequence, there is an actual and justiciable controversy

20    between MXS and Counterclaimant Onavia.

21    65.    A judicial declaration is necessary and appropriate at this time in order that

22    Counterclaimant Onavia may ascertain their rights and duties with respect to the technology is

23    has developed and commercialized, and needs to continue to market.

24    **THIRD COUNTERCLAIM** [1]

25    **(Declaration of No violation under the California Business & Professional Code Section**

26    **17200, et seq.)**

27    66.    Counterclaimant Onavia refers and incorporate herein by reference, paragraphs 1

28    through 65, inclusive, of this Answer and Counterclaim.

67.    By its Complaint, MXS alleges that Onavia Counterclaimants have violated Cal. Bus. & Prof. Code Section 17200 by misappropriating MXS trade secrets and using these trade secrets, along with misleading product literature, to improperly compete with MXS in the field of video streaming. The Onavia Counterclaimants strongly deny these allegations. As a consequence, there is an actual and justiciable controversy between MXS and the Onavia Defendants.

68.    A judicial declaration is necessary and appropriate at this time in order that Counterclaimant Onavia may ascertain their rights and duties with respect to the technology it has developed and commercialized, and needs to continue to market.

## FOURTH COUNTERCLAIM

### (Declaration of Onavia Counterclaimants' Right to continue developing and marketing their own proprietary video streaming software)

69.    The Onavia Counterclaimants refer and incorporate herein by reference, paragraphs 1 through 68, inclusive, of this Answer and Counterclaim.

70.    By its Complaint, MXS alleges that Onavia Counterclaimants have misappropriated MXS trade secrets and used these trade secrets to create Onavia software products in the field of video streaming. The Onavia Counterclaimants strongly deny these allegations. As a consequence, there is an actual and justiciable controversy between MXS and the Onavia Defendants.

71.    By this Counterclaim, the Onavia Counterclaimants seek a declaratory judgment that their software was not developed using any intellectual property created by MXS, and is therefore free to continue to develop and market said technology without interference from MXS.

72.    A judicial declaration is necessary and appropriate at this time in order that the Onavia Defendants may ascertain their rights and duties with respect to their proprietary software.

## FIFTH COUNTERCLAIM

### (Declaration of Counterclaimant Onavia's Right to Continue to Engage Arben Kryeziu)

73.    The Onavia Counterclaimants refer and incorporate herein by reference, paragraphs 1 through 72, inclusive, of this Answer and Counterclaim.

74.    MXS seeks to preclude Mr. Kryeziu from working and collaborating with Counterclaimant Onavia, a California corporation.

75.    MXS's attempt to preclude Mr.Kryeziu from working and collaborating with Onavia is improper and seeks to deprive Counterclaimant Onavia of its right to free access to a national pool of potential employees. Further, MXS's attempt to preclude Mr. Kryeziu from working and collaborating with Onavia is improper and seeks to deprive Defendant Kryeziu of his freedom to use his knowledge and earn a living in the field of his choice.

76.    There exists an actual and justiciable controversy between MXS and Counterclaimant Onavia with respect to Counterclaimant Onavia and its employees' and prospective employees' rights to be free from trade restraints.

77.    Counterclaimant Onavia seeks a declaratory judgment that it has the right to continue working and collaborating with Mr. Kryeziu in the field of video streaming technology.

78.    A judicial declaration is necessary and appropriate at this time so that Counterclaimant Onavia can ascertain its rights with respect to its workforce.

### SIXTH COUNTERCLAIM

### (Unfair Competition – Cal. Bus. & Prof. Code § 17200)

79.    The Onavia Counterclaimants refer and incorporate herein by reference, paragraphs 1 through 78, inclusive, of this Answer and Counterclaim.

80.    In December of 2007, Plaintiff MXS, acting in bad faith, filed a complaint against Onavia Counterclaimants asserting that the Onavia Counterclaimants have engaged in misappropriation of trade secrets and unfair competition and that Counterclaimant Onavia had violated Lanham Act. This Complaint is lacking in probable cause, baseless, without merit, frivolous, and based on false and misleading technical and factual information.

81.    MXS's conduct as described above constitutes unfair competition against the Onavia Counterclaimants including restraining and excluding legitimate competition and attempting to prevent legitimate technical innovation. Further, MXS is attempting to improperly use its claims against the Onavia Counterclaimants to acquire the Onavia Counterclaimants' own trade secrets and technical innovations through litigation and discovery.

82. The Onavia Counterclaimants have been damaged as a direct and proximate result of the foregoing acts of the MXS, including loss and delay of potential customer licensing agreements, and being forced to incur costs of defending the baseless MXS claims.

### SEVENTH COUNTERCLAIM

**(Onavia Defendants' Claim Against MXS for Intentional Interference with Prospective Economic Advantage)**

83. The Onavia Counterclaimants refer and incorporate herein by reference, paragraphs 1 through 82, inclusive, of this Answer and Counterclaim.

84. The Onavia Counterclaimants are informed and believe that Defendant Kryeziu has ceased his relationship and employment with MXS in April of 2005.

85. The Onavia Counterclaimants and Defendant Kryeziu have entered into a business relationship in January of 2006 for the purpose of combining Defendant Kryeziu's technical and software development knowledge and Onavia Counterclaimants' market and business development know-how for purpose of developing and marketing innovative software products. Defendant Kryeziu is a valued asset in developing marketable products for Onavia Counterclaimants.

86. The Onavia Counterclaimants are informed and believe, and on that basis allege, that MXS intended to disrupt this relationship by filing frivolous and baseless claims against the Onavia Counterclaimants.

87. The Onavia Counterclaimants are informed and believe, and on that basis allege, that MXS intended to disrupt the Onavia Counterclaimants' ability to conduct its operations and effectively market its products to prospective customers.

88. The Onavia Counterclaimants are informed and believe, and on that basis allege that as a proximate result of the disruption in their economic relationships due to MXS's wrongful conduct (e.g., violations of Business & Professional Code Sections 16600 and 17200) they have suffered and will continue to suffer, actual damages in an amount to be proven at trial.

89. Because MXS has acted and appears to be likely to continue to act maliciously, oppressively, despicably and in callous disregard of the rights and interests of the Onavia

1   Counterclaimants, the Onavia Counterclaimants are entitled to compensatory damages in a sum to

2   be proven at trial.

3   **PRAYER FOR RELIEF**

4       WHEREFORE, the Onavia Counterclaimants request that the Court award the following

5   relief:

6       A.    Dismiss all allegations of the MXS Complaint with prejudice and finds that MXS

7   takes nothing by its claims;

8       B.    Enter judgment in favor of the Onavia Defendants and against MXS on all claims

9   pertaining to Onavia Defendants in the MXS Complaint;

10       C.    Declare that the Defendant Onavia has not violated Lanham Act – 15 USC §

11   1125(a);

12       D.    Declare that the Onavia Defendants have not misappropriated MXS trade secrets;

13       E.    Declare that the Onavia Defendants have not violated California Business and

14   Professional Code Section 17200;

15       F.    Declare that all of the claims against Defendant DeFranceschi and Defendant

16   Onavia should be dismissed as frivolous.

17       G.    Declare that the Onavia Counterclaimants have a right to continue to develop and

18   market innovative software in the video streaming industry;

19       H.    Declare that Counterclaimant Onavia has the right to continue a business

20   relationship with Defendant Kryeziu in the area of video streaming software development;

21       I.    Declare that MXS has engaged in unfair competition towards the Onavia

22   Counterclaimants under Cal. Bus. & Prof. Code § 17200;

23       J.    Declare that MXS has intentionally interfered with the prospective economic

24   advantage and business relationships of the Onavia Counterclaimants;

25       K.    Award the Onavia Defendants and Counterclaimants attorneys' fees and costs

26   incurred as a result of MXS's frivolous lawsuit and inadequate investigation prior to filing its

27   Complaint against the Onavia Defendants;

28       L.    Grant such other and further relief as the Court deems just and proper.

1

## DEMAND FOR JURY TRIAL

2      The Onavia Defendants and Counterclaimants demand a trial by jury of any and all issues

3  triable of right by a jury in the above-captioned action.

4

5  Dated: February 29, 2008              Respectfully submitted,

6

7                                       By: _____
                                            Anton DeFranceschi
8

9  ANTON DEFRANCESCHI
   427 Connecticut St.
10 San Francisco, CA 94107
   Telephone: 415.462.6361
   Facsimile: 415.648.8664
11 tony@defranceschi.net

12 Representing Defendants:
   ONAVIA, INC. AND ANTON
13 DEFRANCESCHI

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT C**

# MENNEMEIER, GLASSMAN
# & STROUD LLP

980 9th Street • Suite 1700 • Sacramento, California 95814-2736
Telephone 916-553-4000 • Facsimile 916-553-4011

e-mail
stroud@mgslaw.com

Direct Dial
916-551-2590

March 7, 2008

Donna Stephens
Doxasoft Technologies, Inc.
P. O. Box 55565
Santa Clarita, CA 91385

Re:   Maui X-Stream v. Kryeziu, et al.
      U.S.D.C., Northern District of California ; Case No. C-07-06236-SI

Dear Ms. Stephens:

Our firm represents Maui X-Stream, Inc. in the above-referenced litigation.  On or about February 19, 2008, you filed an "Answer" on behalf of Doxasoft Technologies, Inc. ("Doxasoft").

Please be aware that your Answer does not comply with either the Federal Rules of Civil Procedure that govern filings in federal court, or the laws of the State of California. Because it is a corporation, Doxasoft cannot represent itself before the court.  All corporations must be represented by an attorney.  *See Paradise v. Nowlin*, 86 Cal. App. 2d (1948); *see also* Northern District of California Local Rule 3-9(b).  ("A corporation . . . may appear only through a member of the bar of this Court.")

Therefore, we urge you to retain counsel and file a new answer on behalf of Doxasoft using that attorney.  If you fail to take this necessary step, then Maui X-Stream will seek to strike Doxasoft's Answer and have default entered against it in this action.

Please let me know prior to March 12, 2008 whether Doxasoft will retain an attorney to file a new answer that complies with applicable law.  In the meantime, we will be

Donna Stephens
March 7, 2008
Page 2

requesting that the Court continue the Initial Case Management Conference scheduled for March 21, 2008 until these matters can be resolved.

Very truly yours,

Andrew W. Stroud

AWS/lv

**EXHIBIT D**

# MENNEMEIER, GLASSMAN & STROUD LLP

980 9th Street • Suite 1700 • Sacramento, California 95814-2736
Telephone 916-553-4000 • Facsimile 916-553-4011

e-mail
stroud@mgslaw.com

Direct Dial
916-551-2590

March 7, 2008

Anton DeFranceschi
427 Connecticut Street
San Francisco, CA 94107

Re:    Maui X-Stream v. Kryeziu, et al.
       U.S.D.C., Northern District of California ; Case No. C-07-06236-SI

Dear Mr. DeFranceschi:

Our firm represents Maui X-Stream, Inc. in the above-referenced litigation. On February 29, 2008, you filed an "Answer and Counterclaims" on behalf of yourself and Onavia, Inc. ("Onavia").

Please be aware that your Answer and Counterclaims does not comply with either the Federal Rules of Civil Procedure or the laws of the State of California. Because it is a corporation, Onavia cannot represent itself before the court. All corporations must be represented by counsel. *See Paradise v. Nowlin*, 86 Cal. App. 2d (1948); *see also* Northern District of California Local Rule 3-9(b). ("A corporation . . . may appear only through a member of the bar of this Court.")

Therefore, we urge you to retain counsel for Onavia and file a new answer and counterclaim on behalf of yourself and the corporation, using that counsel to represent Onavia. If you fail to take this necessary step, then Maui X-Stream will seek to strike your present Answer and Counterclaim and have default entered in this action. As these pleadings have not been properly filed, please also be aware that we will not respond to the counter-claims as well as they appear to be asserted on behalf of the Onavia parties, which includes the corporation.

MENNEMEIER, GLASSMAN
& STROUD LLP
_____

Anton DeFranceschi
March 7, 2008
Page 2


   Please let me know prior to March 12, 2008 whether you will agree to file a new
Answer and Counterclaim that complies with applicable law.  In the meantime, we will be
requesting that the Court continue the Initial Case Management Conference scheduled for March
21, 2008 until these matters can be resolved.

                                   Very truly yours,



                                   Andrew W. Stroud


AWS/lv

Maui X-Stream, Inc. v. Kryeziu, et al.
U. S. District Court - Case No. CV07-06236 SI

## CERTIFICATE OF SERVICE

I declare as follows:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 980 9th Street, Suite 1700, Sacramento, California 95814. On March 7, 2008, I served the within document:

**DECLARATION OF ANDREW W. STROUD IN SUPPORT OF REQUEST FOR CONTINUANCE OF INITIAL CASE MANAGEMENT CONFERENCE**

☐    by transmitting via facsimile from (916) 553-4011 the above listed document(s) without error to the fax number(s) set forth below on this date.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepared, in the United States mail at Sacramento, California addressed as set forth below.

☐    by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and delivering to a Federal Express agent for delivery.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

| | |
|---|---|
| Arben Kryeziu<br>1366 Owaka Street<br>Wailuku, HI 96793 | Defendant *In Propria Persona* |
| William P. Kealey<br>Stuart & Branigin LLP<br>300 Main Street, Ste. 900<br>Lafayette, IN 47901 | Co-Counsel for Plaintiff |
| Donna Stephens<br>Doxasoft Technologies, Inc.<br>P. O. Box 55565<br>Santa Clarita, CA 91385 | |
| Anton DeFranceschi<br>427 Connecticut Street<br>San Francisco, CA 94107 | |

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepared in the ordinary course of business.

1

2

☒    I declare that I am employed in the office of a member of the bar of this Court
at whose direction this service was made.

3

4

☒    I declare under penalty of perjury under the laws of the State of California
that the above is true and correct.

5

6

Executed on March 7, 2008, at Sacramento, California.

7

/S/  LINDA M. VICTORINO

8

Linda M. Victorino

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2