1  William P. Kealey (State Bar No. 145386)
   STUART & BRANIGIN LLP
2  300 Main Street, Suite 900
   P. O. Box 1010
3  Lafayette, IN 47901
   Telephone: (765) 428-7077
4
5  Andrew W. Stroud (SBN 126475)
   Landon D. Bailey (SBN 240236)
   MENNEMEIER, GLASSMAN & STROUD LLP
6  980 9th Street, # 1700
   Sacramento, CA 95814-2736
7  Telephone:  916-553-4000
   Facsimile:  916-553-4011
8
9  *Attorneys for Plaintiff Maui X-Stream, Inc.*

10

               UNITED STATES DISTRICT COURT
11
               NORTHERN DISTRICT OF CALIFORNIA
12

13  MAUI X-STREAM, INC.,                    )  Case No.  C 07-06236 SI
                                            )
14             Plaintiff,                   )  **DECLARATION OF ANDREW W.**
                                            )  **STROUD IN SUPPORT OF PLAINTIFF'S**
15  v.                                      )  **REQUEST TO ENTER DEFAULT ON**
                                            )  **DEFENDANTS ONAVIA, INC. AND**
16  ARBEN KRYEZIU, ANTHONY                  )  **DOXASOFT TECHNOLOGIES, INC.**
    DeFRANCESCHI, ONAVIA, INC.,             )
17  DOXASOFT TECHNOLOGIES, INC., and        )
    DOES 1 through 10, inclusive,           )
18                                          )
               Defendants.                  )
19  _____ )

20             I, Andrew W. Stroud, declare as follows:

21             1.    I am an attorney licensed to practice law in California.  I am a partner in the firm

22  of Mennemeier, Glassman & Stroud LLP, attorney of record for plaintiff Maui X-Stream, Inc.

23  ("MXS").  I make this declaration pursuant to Federal Rule of Civil Procedure 55(a).  I have personal

24  knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify

25  competently as to those facts.

26             2.    MXS filed this Complaint on December 10, 2007.  Defendants served the

27  Summons and Complaint on defendant Onavia, Inc. ("Onavia") on December 27, 2008.  A true and

28  correct copy of the Proof of Service of Summons is attached hereto as Exhibit A.

1         3.     Despite the December 2007 service, in mid-January 2008 Onavia and its

2 founder/owner, Anton DeFranceschi (an individual defendant in this matter) contacted me and we

3 agreed that he, as an individual and on behalf of Onavia, would accept re-service of the summons and

4 complaint by overnight delivery. Pursuant to this agreement, MXS re-served the summons and

5 complaint on Onavia on January 22, 2008. A true and correct copy of my January 22, 2008 letter to

6 Mr. DeFranceschi is attached hereto as Exhibit B.

7         4.     As for Doxasoft Technologies, Inc. ("Doxasoft"), MXS served the Notice of

8 Lawsuit and Request for Waiver of Service of Summons and Complaint (attaching the Summons and

9 Complaint and initial documents) on December 16, 2007. In addition, I sent a follow-up letter on

10 February 14, 2008 to following up on our request for a signed waiver of service. True and correct

11 copies of the Notice of Lawsuit and Request for Waiver of Service of Summons and Complaint and the

12 February 14, 2008 letter are attached hereto as Exhibits C and D.

13         5.     The time allowed by law for responding has expired. As stated in a February 25,

14 2008 email to Mr. DeFranceschi, Plaintiffs agreed to an extension for filing of an answer for Mr.

15 DeFranceschi and Onavia until March 3, 2008. No formal agreements were reached as to Doxasoft

16 with respect to time for filing an answer. A true and correct copy of the February 25, 2008 email to

17 Mr. DeFranceschi is attached hereto as Exhibit E.

18         6.     Neither Onavia nor Doxasoft has filed a proper answer or responsive pleading

19 with the Court. Both corporate defendants have purported to file answers as *pro se*, which is not

20 accepted practice for corporations in the State of California. Furthermore, defendant Doxasoft has also

21 provided an "Answer" that is a Judicial Council form, ("Answer – Contract") which is not an approved

22 form for an appearance in U.S. District Court, nor does it comply with Rule 8(b) of the Federal Rules

23 of Civil Procedure. True and correct copies of the corporate defendants' Answers are attached hereto

24 as Exhibits F and G.

25         7.     On March 7, I sent separate letters to Onavia and Doxasoft informing them that

26 each had filed a defective answer that was unacceptable under both federal and California law. A true

27 and correct copy of this letter is attached hereto as Exhibit H.

28         8.     To date, neither corporation has responded in any way to the March 7, 2008

correspondence. To the best of my knowledge, neither company has obtained outside counsel and no

1 | acceptable answers or responsive pleadings have been filed with the Court.

2 |        I declare under penalty of perjury under the laws of the State of California that the

3 | aforementioned is true and correct.  Executed this 21st day of March, 2008, at Sacramento, California.

4 |

5 |                                    /S/ANDREW W. STROUD
6 |                                    Andrew W. Stroud

**EXHIBIT A**

| Attorney or Party without Attorney: | | |
|---|---|---|
| Law Offices Of MENNEMEIER, GLASSMAN & STROUD (916) 551-2597<br>980 9TH STREET<br>STE.1700<br>SACRAMENTO, CA 95814-2736 | *Telephone No.:* | *For Court Use Only* |
| *Attorney for:* Plaintiff | *Ref. No. or File No.:*<br>449.01 | |

*Insert name of Court, and Judicial District and Branch Court:*
**NORTHERN DISTRICT OF CALIFORNIA**

*Plaintiff:* MAUI X-STREAM,INC.
*Defendant:* ONAVIA,INC., ET AL.

| **PROOF OF SERVICE**<br>**(Summons And Complaint)** | *Hearing Date:* | *Time:* | *Dept/Div* | *Case Number:*<br>C07-06236 SI |
|---|---|---|---|---|

*1. At the time of service I was at least 18 Years of age and not a party to this action.*

*2.* **I served copies of the:**
Summons And Complaint; Order Setting Initial Case Management Conference And Adr Deadlines;cmc Ordercmc Statement; Notice Of Availability Of Magistrate Judge To Exercise Jurisdiction

*3.  a.  Party Served:*         ONAVIA, INC. (Defendant)

    *b.  Person Served:*     ANTHONEY DEFRANCESCHI,AGENT FOR SERVICE

*4.  Address where the party was served:*     427 CONNECTICUT ST.<br>                       SAN FRANCISCO, CA 94107

*5.  I served the party:*
    a.  **by personal service** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Thu, Dec. 27, 2007 (2) at: 12:30PM

*6.  The "Notice to the Person Served" (on the Summons) was completed as follows:*
    c.  on behalf of: ONAVIA
                    Under CCP 416.10 (corporation)

*7.  Person who served the papers:*               Recoverable Costs Per CCP 1033.5(a)(4)(B)
    a.  JOHNNY COLLINS                  d.  **The Fee for service was:** $85.00
    b. **WAKEMAN PROCESS SERVICE INC.**    e.  I am: (3) Registered California process server.
        22283 Main Street                      *(i)  Independent Contractor*
        Hayward, CA 94541                *(ii)  Registration No.: 361*
        c.  (510) 886-7667                 *(iii)  County: SAN MATEO*
                                           *(iv)  Expiration: May. 15, 2009*

*8.  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

    Date: Dec. 31, 2007
*Judicial Council Form POS-010*
*Rule 982.9.(a)&(b) Rev Jan. 01,2007*            PROOF OF SERVICE      ▶    _(JOHNNY COLLINS)_        *MG&S.54569*

**EXHIBIT B**

# MENNEMEIER, GLASSMAN
# & STROUD LLP

980 9ᵗʰ Street • Suite 1700 • Sacramento, California 95814-2736
Telephone 916-553-4000 • Facsimile 916-553-4011

e-mail
stroud@mgslaw.com

Direct Dial
916-551-2590

January 22, 2008

**VIA FEDEX**

Tony DeFranceschi
427 Connecticut Street
San Francisco, CA 94107

Arben Kryeziu
1366 Owaka Street
Wailuku, HI  96793

Re:    Maui X-Stream v. Kryeziu, et al.
U.S.D.C., Northern District of California
Case No. C-07-06236-SI

Dear Mr. DeFranceschi and Mr. Kryeziu:

Enclosed please find the following documents:

1.    Complaint for Breach of Contract, Breach of Duty of Loyalty, Trade Secret
Misappropriation, Lanham Act Violations and Unfair Competition;
Demand for Jury Trial;

2.    Summons to Complaint for Breach of Contract;

3.    Civil Cover Sheet;

4.    Order Setting Initial Case Management Conference and ADR Deadlines;

5.    Case Management Conference Order ;

6.    Standing Orders; and

7.    Report on the Filing or Determination of An Action Regarding a Patent or
Trademark.

MENNEMEIER, GLASSMAN
& STROUD LLP

Tony DeFranceschi
Arben Kryeziu
January 22, 2008
Page 2

    This letter and the enclosed documents are being sent pursuant to my agreement with Mr. DeFranceschi that each of you will accept service of process via this means. This letter will also confirm that my clients have granted you a thirty day extension from tomorrow, or until February 22, 2008, to provide responses to the Complaint.

    If this is not your understanding of our agreement, or if you contest this method of service in any way, please contact me immediately.

Very truly yours,

Andrew W. Stroud

AWS/lv

Enclosures

449.01.ENGAGE.LTR.Kealey.11.21.07

**EXHIBIT C**

1 | William P. Kealey (State Bar No. 145386)
STUART & BRANIGIN LLP
2 | 300 Main Street, Suite 800
P. O. Box 1010
3 | Lafayette, IN 47902
Telephone: (765) 428-7077
4 |

5 | Andrew W. Stroud (SBN 126475)
Landon D. Bailey (SBN 240236)
MENNEMEIER, GLASSMAN & STROUD LLP
6 | 980 9th Street, Suite 1700
Sacramento, CA 95814-2736
7 | Telephone: 916-553-4000
Facsimile: 916-553-4011
8 |

*Attorneys for Plaintiff Maui X-Stream, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAUI X-STREAM, INC., | Case No.  C 07-06236 SI |
| Plaintiff, | **NOTICE OF LAWSUIT AND REQUEST** |
| v. | **FOR WAIVER OF SERVICE OF** |
| | **SUMMONS** |
| ARBEN KRYEZIU, et al., | |
| Defendants. | |

TO:      DOXASOFT TECHNOLOGIES, INC.
         P. O. Box 55565
         Valencia, CA 91385

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.)

A copy of the complaint is attached to this notice.  It has been filed in the United States District Court

for the Northern District of California and has been assigned docket number C 07-06236 SI.

This is not a formal summons or notification from the court, but rather my request that you sign

and return the enclosed waiver of service in order to save the cost of serving you with a judicial

summons and an additional copy of the complaint.  The cost of service will be avoided if I receive a

signed copy of the waiver within thirty (30) days after the date designated below as the date on which

this Notice and Request is sent.  I enclose a stamped and addressed envelope (or other means of cost-

449.01.PLE.notice of lawsuit.request for waiver.wpd          1

1  free return) for your use. An extra copy of the waiver is also attached for your records.

2      If you comply with this request and return the signed waiver, it will be filed with the court and

3  no summons will be served on you. The action will then proceed as if you had been served on the date

4  the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from

5  the date designated below as the date on which this notice is sent (or before 90 days from that date if

6  your address is not in any judicial district of the United States.).

7      If you do not return the signed waiver within the time indicated, I will take appropriate

8  steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will

9  then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf

10  you are addressed) to pay the full costs of such service. In that connection, please read the statement

11  concerning the duty of parties to waive the service of the summons, which is set forth at the end of the

12  waiver form.

13      I affirm that this request is being sent to you on behalf of the plaintiff this ___ day of

14  December, 2007.

15

16  Andrew W. Stroud
   Landon D. Bailey
17  MENNEMEIER, GLASSMAN & STROUD LLP
   980 9th Street, Suite 1700
18  Sacramento, CA 95814-2736
   Telephone: 916-553-4000
19  Facsimile: 916-553-4011

20

21  William P. Kealey
   STUART & BRANIGIN LLP
22  300 Main Street, Suite 800
   P. O. Box 1010
23  Lafayette, IN 47902
   Telephone: (765) 428-7077

24  *Attorneys for Plaintiff Maui X-Stream, Inc.*

25

26

27

28

449.01.PLE.notice of lawsuit.request for waiver.wpd            2

1    William P. Kealey (State Bar No. 145386)
     STUART & BRANIGIN LLP
2    300 Main Street, Suite 800
     P. O. Box 1010
3    Lafayette, IN 47902
     Telephone: (765) 428-7077

4

5    Andrew W. Stroud (SBN 126475)
     Landon D. Bailey (SBN 240236)
     MENNEMEIER, GLASSMAN & STROUD LLP
6    980 9th Street, Suite 1700
     Sacramento, CA 95814-2736
7    Telephone:  916-553-4000
     Facsimile:  916-553-4011

8

9    *Attorneys for Plaintiff Maui X-Stream, Inc.*

10                  IN THE UNITED STATES DISTRICT COURT

11              FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| MAUI X-STREAM,  INC., | ) Case No.  C 07-06236 SI |
| Plaintiff, | ) **WAIVER OF SERVICE OF SUMMONS** |
| v. | ) |
| ARBEN KRYEZIU, et al., | ) |
| Defendants. | ) |

18   TO:       Andrew W. Stroud, attorney for plaintiff Maui X-Stream, Inc.

19           I acknowledge receipt of your request that I waive service of a summons in the action of

*Maui X-Stream, Inc., Gifts LLC*, which is case number C 07-06236 SI in the United States District

Court for the Northern District of California.  I have also received the Complaint for Breach of

Contract, Breach of Duty of Loyalty, Trade Secret Misappropriation, Lanham Act Violations, and

Unfair Competition; Demand for Jury Trial; two copies of this instrument, and a means by which I can

return the signed waiver to you without cost to me.  I have also received copies of the following

documents:

          (A)      Summons in a civil case;

          (B)      Civil Cover Sheet;

---

449.01.PLE.Waiver.Service of Summons.wpd         1

1    (C)    Order Setting Initial Case Management Conference and ADR Deadlines;

2    (D)    Case Management Conference Order (Ilston)

3    (E)    Standing Order for All Judges of the Northern District of California regarding

4    Contents of Joint Case Management Statement;

5    (F)    Judge Ilston's Standing Order;

6    (G)    Notice of Availability of Magistrate Judge to Exercise Jurisdiction;

7    (H)    Northern District Court's ECF Registration handout/Guidelines/Drop Box Filing

8    Procedures.

9    I agree to save the cost of service of a summons and an additional copy of the complaint

10   in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial

11   process in the manner provided by Rule 4.

12   I (or the entity on whose behalf I am acting) will retain all defenses or objections to the

13   lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the

14   summons or in the service of the summons.

15   I understand that a judgment may be entered against me (or the party on whose behalf I

16   am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after December

17   __, 2007, or within ninety (90) days after that date if the request was sent outside the United States.

18

19   Date: December __, 2007              DOXASOFT TECHNOLOGIES

20

21                                        By:_____

22                                        Printed Name:_____

23                                        Title:_____

24

25

26

27

28

449.01.PLE.Waiver.Service of Summons.wpd              2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not a good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

449.01.PLE.Waiver.Service of Summons.wpd

3

Maui X-Stream, Inc. v. Kryeziu, et al.
U. S. District Court - Case No. CV07-06236 SI

# CERTIFICATE OF SERVICE

I declare as follows:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 980 9th Street, Suite 1700, Sacramento, California 95814. On December 16, 2007, I served the within documents:

1.    Complaint for Breach of Contract, Breach of Duty of Loyalty, Trade Secret Misappropriation, Lanham Act Violations and Unfair Competition; Demand for Jury Trial;

2.    Summons in a Civil Case;

3.    Civil Cover Sheet;

4.    Order Setting Initial Case Management Conference and ADR Deadlines;

5.    Case Management Conference Order (Ilston);

6.    Standing Order for all Judges of the Northern District of California regarding Contents of Joint Case Management Statement;

7.    Judge Ilston's Standing Order;

8.    Notice of Availability of Magistrate Judge to Exercise Jurisdiction;

9.    Northern District Court's ECF Registration handout/Guidelines/ Drop Box Filing Procedures; and

10.   Notice of Lawsuit and Request for Waiver of Service of Summons

☒    by placing the documents listed above in a sealed envelope with postage thereon fully prepared, in the United States mail at Sacramento, California addressed as set forth below

Doxasoft Technologies, Inc.
P. O. Box 55565
Valencia, CA 91385

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepared in the ordinary course of business.

1

2    ☒    I declare that I am employed in the office of a member of the bar of this Court
          at whose direction this service was made.

3    ☒    I declare under penalty of perjury under the laws of the State of California
4         that the above is true and correct.

5

6    Executed on December 16, 2007, at Sacramento, California.

7

8                                                    Linda M. Victorino

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        2

**EXHIBIT D**

# MENNEMEIER, GLASSMAN
# & STROUD LLP

980 9th Street • Suite 1700 • Sacramento, California 95814-2736
Telephone 916-553-4000 • Facsimile 916-553-4011

e-mail
stroud@mgslaw.com

Direct Dial
916-551-2590

February 14, 2008

ATTN: Sean Stephens
Doxasoft Technologies, Inc.
P. O. Box 55565
Valencia, CA 91385

Re:    Maui X-Stream v. Kryeziu, et al.
       U.S.D.C., Northern District of California ; Case No. C-07-06236-SI

Dear Mr. Stephens:

My office sent to you a request for waiver of service of the summons and complaint in this action on December 16, 2007.  To date we have not received a signed waiver form, or a response to the complaint. By this letter, I am requesting that you sign the waiver where indicated and you will then have 60 days in which to respond to the complaint.

If you do not return the signed waiver by February 21, 2008, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service.  Please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the end of the waiver form.

Very truly yours,

Andrew W. Stroud

AWS/lv

449.01.ENGAGE.LTR.Kealey.11.21.07

**EXHIBIT E**

## Staff

**From:** Andy Stroud
**Sent:** Monday, February 25, 2008 1:25 PM
**To:** 'Tony DeFranceschi'
**Cc:** Staff; 'Kealey, William P.'
**Subject:** RE: Complaint docs from Maui X-Stream

Tony:

This will confirm our conversation of today.  As I indicated, we cannot agree to a further thirty day extension of time for you and Onavia to respond to the complaint in this matter.  We need to get your responsive pleading on file as soon as possible.  However, we will agree to not take a default against you or Onavia prior to Monday March 3, 2008, so that you can file a responsive pleading this week.

As I indicated in our call, I strongly urge you to retain an attorney and file a responsive pleading this week so as to protect your interests and the interests of Onavia in this matter.

Very Truly Yours,


Andrew W. Stroud
Mennemeier, Glassman & Stroud LLP
980 9th Street, Suite 1700
Sacramento, CA  95814
Telephone:  (916) 553-4000
Facsimile:  (916) 553-4011
www.mgslaw.com


**From:** Tony DeFranceschi [mailto:tony@defranceschi.net]
**Sent:** Thursday, February 21, 2008 10:44 AM
**To:** Andy Stroud
**Cc:** Staff
**Subject:** RE: Complaint docs from Maui X-Stream

Hi Andrew,
I have not heard back from you on this issue yet – could you please let me know what we need to do to adjust the court schedule.

Thanks you,
Tony


**From:** Tony DeFranceschi [mailto:tony@defranceschi.net]
**Sent:** Thursday, February 14, 2008 3:18 PM
**To:** 'Andy Stroud'
**Subject:** RE: Complaint docs from Maui X-Stream

Hi Andrew,
Wanted to follow up on the extension to file a response – have you contacted the court clerk to push out the court schedule dates to reflect the extension?
Or do we need to make a joint call to them?

Also, I have not secured a legal representation yet. In addition, my understanding is that Jim at Maui X-Stream has contacted Arben and they are in the process of discussing the issue/complaint and finding a business resolution to this issue. Given this situation, would you kindly grant me another 30-day extension to file the response to the complaint?

Thank you,
Tony

---

Tony DeFranceschi
tony@defranceschi.net
M: 415-608-8605
W: 415-462-6361
F: 415-648-8664

---

**From:** Andy Stroud [mailto:stroud@mgslaw.com]
**Sent:** Sunday, January 20, 2008 2:00 PM
**To:** Tony DeFranceschi
**Cc:** Staff
**Subject:** RE: Complaint docs from Maui X-Stream

This proposal is acceptable.  Please advise where the papers are to be sent.

Very Truly Yours,

Andrew W. Stroud
Mennemeier, Glassman & Stroud LLP
980 9th Street, Suite 1700
Sacramento, CA  95814
Telephone:  (916) 553-4000
Facsimile:  (916) 553-4011
www.mgslaw.com

---

**From:** Tony DeFranceschi [mailto:tony@defranceschi.net]
**Sent:** Friday, January 18, 2008 4:11 PM
**To:** Andy Stroud
**Cc:** 'Kobialka, Lisa (Perkins Coie)'
**Subject:** Complaint docs from Maui X-Stream

Hi Andrew,

Its my understanding that you and Lisa Kobialka from Perkins Coie had talked earlier today regarding the complaint.  I never received a copy of the complaint for myself or Onavia.  Since we just learned about this issue/complaint, we are still in the process of formally retaining counsel. In the interim, we would like to confirm that you are willing to grant myself, Onavia, Inc. and Arben Kryeziu an extension of time to respond to the complaint filed by Maui X-Stream.  We would request that you provide us with a complete copy of the papers that are to be served and that we agree to respond 30 days after we receive them.  Could you please confirm if this is acceptable. Once we have completed retaining counsel formally, I will let any further communication go through them.

Thank you for your immediate attention to this.

Best regards,
Tony

---

2/25/2008

**EXHIBIT F**

1  ANTON DEFRANCESCHI
   tony@defranceschi.net
2  427 Connecticut St.
   San Francisco, CA 94107
3  Telephone: 415.462.6361
   Facsimile: 415.648.8664
4



5  Attorneys for Defendant (Mr. DeFranceschi is representing
   himself and Onavia, Inc.)
6

7                    UNITED STATES DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

9                      SAN FRANCISCO DIVISION

10

11  MAUI X-STREAM, INC.,                 Case No.   C-07-06236-SI

12              Plaintiff,               **ANSWER AND COUNTERCLAIMS OF
                                         DEFENDANTS ANTON
13          v.                           DEFRANCESCHI AND ONAVIA, INC.**

14  ARBEN KRYEZIU, ANTHONY
    DeFRANCESCHI, ONAVIA, INC., and
15  DOES 1 through 10, inclusive

16              Defendants.              **DEMAND FOR JURY TRIAL**

17                                       Hon. Susan Ilston

18          Defendants Anton DeFranceschi (hereinafter "DeFranceschi"), and Onavia, Inc.

19  (hereinafter "Onavia") (collectively, the "Onavia Defendants"), by their own recognizance

20  answer the "Complaint for Breach of Contract, Breach of Duty of Loyalty, Trade Secret

21  Misappropriation, Lanham Act Violations, and Unfair Competition" filed by Plaintiff Maui X-

22  Stream, Inc.. (hereinafter "MXS") as follows:

23                                   **PARTIES**

24          1.      The Onavia Defendants are without sufficient information to admit or deny the

25  allegations of Paragraph 1 and on that basis deny each and every allegation of Paragraph 1 of the

26  Complaint.

27

28

1    2.    It is the understanding of the Onavia Defendants that Arben Kryeziu is an

2    individual and therefore admit this allegation, however, it is the belief of the Onavia Defendants

3    that Defendant Kryeziu does not reside in the state of California and on that basis deny this

4    allegation of Paragraph 2 of the Complaint.

5    3.    The Onavia Defendants admit that Anton DeFranceschi is an individual residing in

6    San Francisco, California. However, Onavia Defendants point out that Defendant DeFranceschi's

7    legal first name is Anton and not Anthony, as incorrectly stated in the Complaint. In the interest

8    of judicial efficiency, Defendant DeFranceschi stipulates that Anton DeFranceschi is the intended

9    defendant in this matter, and requests Plaintiff use Anton DeFranceschi in further pleadings.

10    4.    The Onavia Defendants admit that Defendant Onavia, Inc. is a corporation

11    organized and existing under the laws of California with its principal place of business at 427

12    Connecticut St, San Francisco, CA 94107.

13    5.    The Onavia Defendants are without sufficient information to admit or deny the

14    allegations of Paragraph 5 and on that basis deny each and every allegation of Paragraph 5 of the

15    Complaint.

16    **JURISDICTION AND VENUE**

17    6.    The Onavia Defendants admit that this action purports to arise under the laws of

18    the United States. The Onavia Defendants further admit that this Court has subject matter

19    jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1332(a)(1), 1338 and principles

20    of supplemental jurisdiction inasmuch as the Complaint purports to state claims arising under the

21    Lanham Act, unfair competition allegations, and diversity of citizenship. The Onavia Defendants

22    deny that Plaintiff MXS has any valid claim or cause against them for breach of contract, breach

23    of duty of loyalty, trade secret misappropriation, Lanham Act violations, unfair competition, or

24    any other alleged cause of action. Except as expressly admitted, the Onavia Defendants deny

25    each and every allegation of Paragraph 6 of the Complaint.

26    7.    The Onavia Defendants admit that this Court has personal jurisdiction over them

27    and admit that venue is proper in this judicial district.

28

## GENERAL ALLEGATIONS

8.    The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 8 and on that basis deny each and every allegation of Paragraph 8 of the Complaint.

9.    The Onavia Defendants deny they contacted, alone or in concert with Doxasoft, MXS President James Kartes in 2005, or any other time, to express interest in buying MXS or any of its assets.  The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 9 with concern to Doxasoft and therefore deny each and every allegation of Paragraph 9 of the Complaint.

10.    The Onavia Defendants are under the belief, through discussions with Defendant Kryeziu, that Defendant Kryeziu quit any position he had at MXS in April of 2005, however the Onavia Defendants have never seen a termination agreement between Defendant Kryeziu and MXS and are therefore without sufficient information to admit or deny the allegations of Paragraph 10, and on that basis deny each and every allegation of Paragraph 10 of the Complaint.

11.    To the best of their knowledge, the Onavia Defendants deny receiving any unauthorized access to any MXS trade secrets or property, and expressly deny knowingly receiving any such materials whether written or verbal.  The Onavia Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 11 with concern to what Defendant Kryeziu may or may not have retained from MXS or provided Doxasoft access to, and on that basis deny each and every allegation of Paragraph 11 of the Complaint.

### COUNT 1: BREACH OF CONTRACT (against Kryeziu)

12.    The Onavia Defendants incorporate by reference their answer set forth in paragraphs one through eleven above.

13.    The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 13 and on that basis deny each and every allegation of Paragraph 13 of the Complaint not expressly admitted through incorporation by reference of the paragraphs one through eleven.

14. The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 14 and on that basis deny each and every allegation of Paragraph 14 of the Complaint.

15. The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 15 and on that basis deny each and every allegation of Paragraph 15 of the Complaint.

16. The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 16 and on that basis deny each and every allegation of Paragraph 16 of the Complaint.

## COUNT 2: BREACH OF DUTY OF LOYALTY (Against Kryeziu)

17. The Onavia Defendants incorporate by reference their answer set forth in paragraphs one through sixteen above.

18. The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 18 and on that basis deny each and every allegation of Paragraph 18 of the Complaint.

19. The Onavia Defendants deny that any MXS proprietary information has been used for the benefit of the commercial ventures of the Onavia Defendants. The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 19 in respect to personal ventures of Defendant Kryeziu or ventures of Doxasoft, and therefore deny each and every allegation of Paragraph 19 of the Complaint.

20. The Onavia Defendants deny MXS has suffered any harm due to any actions of the Onavia Defendants. The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 20 in respect to actions taken by any other defendants, and therefore deny each and every allegation of Paragraph 20 of the Complaint.

21. The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 21 and on that basis deny each and every allegation of Paragraph 21 of the Complaint.

## COUNT 3: TRADE SECRET MISAPPROPRIATION (Against All Defendants)

22. The Onavia Defendants incorporate by reference their answer set forth in paragraphs one through twenty-one above.

23. The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 23 and on that basis deny each and every allegation of Paragraph 23 of the Complaint.

24. The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 24 without knowing what engineering designs Plaintiff MXS is referring to, or examining those designs to determine their commercial value. On that basis Onavia Defendants deny each and every allegation of Paragraph 24 of the Complaint.

25. The Onavia Defendants deny that they have acquired unauthorized access to MXS trade secrets through Defendant Kryeziu or any other means. The Onavia Defendants further deny that they have ever seen any MXS internal engineering designs for any of MXS video streaming products through Defendant Kryeziu or any other means. The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 25 as they pertain to Defendant Kryeziu or Doxasoft, and on that basis deny each and every allegation of Paragraph 25 of the Complaint.

26. The Onavia Defendants deny any use, authorized or unauthorized, or any possession of MXS trade secrets. The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 26 as they pertain to Defendant Kryeziu or Doxasoft, and on that basis deny each and every allegation of Paragraph 26 of the Complaint.

27. The Onavia Defendants deny MXS has suffered any harm due to any actions of the Onavia Defendants. The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 27 in respect to actions taken by any other defendants, and therefore deny each and every allegation of Paragraph 27 of the Complaint.

28. The Onavia Defendants deny MXS has suffered any harm due to any actions of the Onavia Defendants, and therefore deny that MXS is entitled to exemplary damages from the Onavia Defendants. The Onavia Defendants are without sufficient information to admit or deny

the allegations of Paragraph 28 in respect to actions taken by any other defendants, and therefore
deny each and every allegation of Paragraph 28 of the Complaint.

### COUNT 4: LANHAM ACT – 15 USC § 1125(a) (Against Onavia)

29.     Defendant Onavia incorporates by reference their answer set forth in paragraphs
one through twenty-eight above.

30.     Defendant Onavia denies claiming any MXS innovations as their own for
marketing or any other purposes, and on this basis denies each and every allegation of paragraph
30 of the Complaint.

31.     Defendant Onavia denies all allegations of paragraph 31 of the Complaint. All
statements concerning the Defendant Onavia's goods are accurate and can be substantiated.

32.     Defendant Onavia denies all allegations of paragraph 32 of the Complaint. All
statements concerning the Onavia Defendants' goods are intended to give potential customers
accurate and clear information regarding the features and capabilities of the goods, and all
statements can be substantiated.

33.     Defendant Onavia denies the allegations of paragraph 33 of the Complaint, and
specifically deny using any false statements or false designations of origin for any goods.
Further, Onavia Defendant denies that any statements concerning their goods are likely to
confuse, cause mistake, or deceive the origin of their goods. All statements concerning Defendant
Onavia's goods are intended to give potential customers accurate and clear information regarding
the features, platform, origin of development, and capabilities of the goods. All statements made
by Defendant Onavia can be substantiated.

34.     Defendant Onavia denies the allegations of paragraph 34 of the Complaint, and
specifically deny using any false statements or false designations of origin for any goods.
Further, Defendant Onavia denies that any statements concerning their goods are likely to
confuse, cause mistake, or deceive the origin of their goods. All statements concerning Defendant
Onavia's goods are intended to give potential customers accurate and clear information regarding
the features, platform, origin of development, and capabilities of the goods. All statements made
by Defendant Onavia can be substantiated.

ANSWER AND COUNTERCLAIMS OF DEFENDANTS' ONAVIA, ET AL.
TO PLAINTIFF MAUI X-STREAM'S COMPLAINT
CASE NO.: C-07-06236-SI

6

35.     Defendant Onavia denies MXS has suffered any harm due to any actions of Defendant Onavia, nor has or can MXS show any actual or potential harm caused by the actions of Defendant Onavia.

36.     Defendant Onavia denies that MXS has suffered any potential or actual harm from the actions of the Defendant Onavia and on at basis denies each and every allegation of paragraph 36 of the Complaint.

## COUNT 5: UNFAIR COMPETITION – BUS. & PROF. CODE § 17200 (Against All Defendants)

37.     The Onavia Defendants incorporate by reference their answer set forth in paragraphs one through thirty-six above.

38.     The Onavia Defendants admit that they are competing with MXS in the same broad and general market of video streaming goods and services. However, Onavia Defendants deny that they are in a direct market competition with MXS. To the best of the Onavia Defendants' knowledge MXS has no commercial product available for sale that is in direct competition with Onavia, namely the Onavia Defendants' high-definition H.264 video player. Onavia Defendants further claim that Onavia and MXS products are substantially different in functionality and the market segments they address. The Onavia Defendants' products were developed "from scratch" in-house and have resulted in a market leading innovation that is not available through either MXS or any other known software companies in the market.

39.     The Onavia Defendants deny that their actions have resulted in unfair competition. The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 39 in respect to actions taken by any other defendants, and therefore deny each and every allegation of Paragraph 39 of the Complaint.

40.     The Onavia Defendants deny the allegations of paragraph 40 of the Complaint, and specifically deny that Onavia's promotional materials are likely to deceive the public. The Onavia Defendants further deny that their marketing and promotional materials contain any unfair, deceptive, untrue or misleading statements. All statements concerning the Onavia Defendants' goods are intended to give potential customers accurate and clear information regarding the

1    features, platform, origin of development, and capabilities of the goods. All statements made by

2    the Onavia Defendants can be substantiated.  The Onavia Defendants are without sufficient

3    information to admit or deny the allegations of Paragraph 40 in respect to actions taken by any

4    other defendants, and therefore deny each and every allegation of Paragraph 40 of the Complaint.

5        41.    The Onavia Defendants deny that MXS has suffered any injury, any potential or

6    actual loss of money or property arising from any of the actions of the Onavia Defendants. The

7    Onavia Defendants are without sufficient information to admit or deny the allegations of

8    Paragraph 41 in respect to actions taken by any other defendants, and therefore deny each and

9    every allegation of Paragraph 41 of the Complaint.

10                        **ADDITIONAL DEFENSES**

11        For their further and separate defensives to the allegations of the Complaint, and without

12    assuming any burden of proof they would otherwise bear under applicable law, the Onavia

13    Defendants plead as follows:

14                      **FIRST ADDITIONAL DEFENSE**

15        42.    The Complaint fails to state any non-frivolous fact-based claim upon which relief

16    may be granted.

17                    **SECOND ADDITIONAL DEFENSE**

18        43.    The Onavia Defendants have not taken any actions causing trade secret

19    misappropriation, Lanham Act violations, unfair competition, or any other alleged cause of

20    action.

21                      **THIRD ADDITIONAL DEFENSE**

22        44.    MXS has not taken steps to create and protect any trade secrets consisting of

23    software engineering designs.

24                    **FOURTH ADDITIONAL DEFENSE**

25        45.    MXS has an adequate remedy at law and no basis exists for the grant of equitable

26    relief.

27

28

## FIFTH ADDITIONAL DEFENSE

46.     MXS's claims are barred by the equitable doctrines of estoppel, waiver, acquiescence, and/or implied license.

## SIXTH ADDITIONAL DEFENSE

47.     Each of MXS's claims for relief is barred, in whole or in part, by the doctrine of laches.

## SEVENTH ADDITIONAL DEFENSE

48.     Each of MXS's claims for relief is barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH ADDITIONAL DEFENSE

49.     MXS has suffered no actual or potential injury; hence it cannot receive damages or injunctive relief.

## NINETH ADDITIONAL DEFENSE

50.     No cause of action lies against the Onavia Defendants because its alleged actions were at all times reasonable, privileged, and justified under the law.

## TENTH ADDITIONAL DEFENSE

51.     The Onavia Defendants reserve the right to assert other defenses as discovery progresses.

## COUNTERCLAIM OF THE ONAVIA DEFENDANTS

For its separate Counterclaim against Plaintiff and Counterdefendant MXS ("MXS"), Onavia Defendant Counterclaimants ("Onavia Counterclaimants") hereby allege as follows:

## PARTIES

52.     The Onavia Counterclaimants incorporate the allegations of the Answer as if set forth herein.

53.     By its Complaint, MXS alleges that the Onavia Counterclaimants have engaged in Trade Secret Misappropriation and Unfair Competition, and further alleges that Defendant and Counterclaimant Onavia is in violation of Lanham Act 15 USC § 1125(a).  The Onavia Counterclaimants and Defendant and Counterclaimant Onavia have denied these allegations.  The

1   Onavia Counterclaimants contend that they have not engaged in any activities that might be

2   construed as misappropriation of trade secrets or unfair competition. The Onavia

3   Counterclaimants further contend that they have never obtained, never been in possession, and are

4   currently not in possession of any MXS trade secrets. Defendant and Counterclaimant Onavia

5   contends it has not engaged in any activities barred by the Lanham Act. A justiciable controversy

6   therefore exists between MXS and the Onavia Counterclaimants.

7       54.   By this counterclaim, the Defendant and Counterclaimant Onavia seeks a

8   declaratory judgment that it has not violated the Lanham Act.

9       55.   By this Counterclaim, the Onavia Counterclaimants seek a declaratory judgment

10  that the Onavia Counterclaimants have not engaged in Trade Secret Misappropriation.

11      56.   By this Counterclaim, the Onavia Counterclaimants seek a declaratory judgment

12  that the Onavia Counterclaimants have not engaged in Unfair Competition against MXS.

13      57.   A judicial declaration is necessary and appropriate at this time in order that the

14  Onavia Counterclaimants may preserve the right to engage in commercial activities, preserve the

15  right to develop technical innovations for the benefit of the marketplace and their own profit.

16      58.   These counterclaims arise under federal statutory law, including 15 U.S.C. §§ 45

17  and 1125, and 28 U.S.C. § 2201, as well as the California Business and Professional Code

18  Sections 16600 and the California Unfair Competition Law (Business & Professional Code

19  Section 17200, et seq.) Accordingly, this Court has jurisdiction over these counterclaims

20  pursuant to 28 U.S.C. §§ 1331 and 1338(a). Additionally, because there are now pending before

21  this Court claims involving substantially related questions of law and fact, this Court has

22  jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1367.

23      59.   Venue properly lies in this judicial district by virtue of Counterclaim-Defendant

24  having instituted litigation in this Court and otherwise within this District and this Division, this

25  venue would also appropriately cover the Onavia Counterclaimants' claims for declaratory relief

26  because MXS is subject to personal jurisdiction in this Court. Venue would therefore be proper

27  pursuant to 28 U.S.C. § 1400(b).

28                          **FIRST COUNTERCLAIM**

**(Declaration of No Trade Secret Misappropriation Violation)**

60.    The Onavia Counterclaimants refer and incorporate herein by reference, paragraphs 1 through 59, inclusive, of this Answer and Counterclaim.

61.    By its Complaint, Plaintiff MXS, alleges that the Onavia Defendants have engaged in misappropriation of trade secrets.  The Onavia Defendants have denied these allegations and contends that MXS is merely using this claim to interfere with the business of the Onavia Counterclaimants.  As a consequence, there is an actual and justiciable controversy between MXS and the Onavia Counterclaimants.

62.    A judicial declaration is necessary and appropriate at this time in order that the Onavia Counterclaimants may ascertain their rights and duties with respect to the technology it has developed and commercialized.

## SECOND COUNTERCLAIM

### (Declaration of No Violation under the Lanham Act)

63.    Counterclaimant Onavia refers and incorporate herein by reference, paragraphs 1 through 62, inclusive, of this Answer and Counterclaim.

64.    By its Complaint, MXS alleges that Counterclaimant Onavia has violated the Lanham Act.  Counterclaimant Onavia denies this contention and contends this claim by MXS is meant only to disrupt the business of Counterclaimant Onavia and prevent possible competition from a new, innovative product.  As a consequence, there is an actual and justiciable controversy between MXS and Counterclaimant Onavia.

65.    A judicial declaration is necessary and appropriate at this time in order that Counterclaimant Onavia may ascertain their rights and duties with respect to the technology is has developed and commercialized, and needs to continue to market.

## THIRD COUNTERCLAIM

### (Declaration of No violation under the California Business & Professional Code Section 17200, et seq.)

66.    Counterclaimant Onavia refers and incorporate herein by reference, paragraphs 1 through 65, inclusive, of this Answer and Counterclaim.

ANSWER AND COUNTERCLAIMS OF DEFENDANTS' ONAVIA, ET AL.
TO PLAINTIFF MAUI X-STREAM'S COMPLAINT
CASE NO.: C-07-06236-SI

11

67. By its Complaint, MXS alleges that Onavia Counterclaimants have violated Cal. Bus. & Prof. Code Section 17200 by misappropriating MXS trade secrets and using these trade secrets, along with misleading product literature, to improperly compete with MXS in the field of video streaming. The Onavia Counterclaimants strongly deny these allegations. As a consequence, there is an actual and justiciable controversy between MXS and the Onavia Defendants.

68. A judicial declaration is necessary and appropriate at this time in order that Counterclaimant Onavia may ascertain their rights and duties with respect to the technology it has developed and commercialized, and needs to continue to market.

<h2 style="text-align:center">FOURTH COUNTERCLAIM</h2>

**(Declaration of Onavia Counterclaimants' Right to continue developing and marketing their own proprietary video streaming software)**

69. The Onavia Counterclaimants refer and incorporate herein by reference, paragraphs 1 through 68, inclusive, of this Answer and Counterclaim.

70. By its Complaint, MXS alleges that Onavia Counterclaimants have misappropriated MXS trade secrets and used these trade secrets to create Onavia software products in the field of video streaming. The Onavia Counterclaimants strongly deny these allegations. As a consequence, there is an actual and justiciable controversy between MXS and the Onavia Defendants.

71. By this Counterclaim, the Onavia Counterclaimants seek a declaratory judgment that their software was not developed using any intellectual property created by MXS, and is therefore free to continue to develop and market said technology without interference from MXS.

72. A judicial declaration is necessary and appropriate at this time in order that the Onavia Defendants may ascertain their rights and duties with respect to their proprietary software.

<h2 style="text-align:center">FIFTH COUNTERCLAIM</h2>

**(Declaration of Counterclaimant Onavia's Right to Continue to Engage Arben Kryeziu)**

73. The Onavia Counterclaimants refer and incorporate herein by reference, paragraphs 1 through 72, inclusive, of this Answer and Counterclaim.

74.    MXS seeks to preclude Mr. Kryeziu from working and collaborating with Counterclaimant Onavia, a California corporation.

75.    MXS's attempt to preclude Mr. Kryeziu from working and collaborating with Onavia is improper and seeks to deprive Counterclaimant Onavia of its right to free access to a national pool of potential employees. Further, MXS's attempt to preclude Mr. Kryeziu from working and collaborating with Onavia is improper and seeks to deprive Defendant Kryeziu of his freedom to use his knowledge and earn a living in the field of his choice.

76.    There exists an actual and justiciable controversy between MXS and Counterclaimant Onavia with respect to Counterclaimant Onavia and its employees' and prospective employees' rights to be free from trade restraints.

77.    Counterclaimant Onavia seeks a declaratory judgment that it has the right to continue working and collaborating with Mr. Kryeziu in the field of video streaming technology.

78.    A judicial declaration is necessary and appropriate at this time so that Counterclaimant Onavia can ascertain its rights with respect to its workforce.

## SIXTH COUNTERCLAIM

### (Unfair Competition – Cal. Bus. & Prof. Code § 17200)

79.    The Onavia Counterclaimants refer and incorporate herein by reference, paragraphs 1 through 78, inclusive, of this Answer and Counterclaim.

80.    In December of 2007, Plaintiff MXS, acting in bad faith, filed a complaint against Onavia Counterclaimants asserting that the Onavia Counterclaimants have engaged in misappropriation of trade secrets and unfair competition and that Counterclaimant Onavia had violated Lanham Act. This Complaint is lacking in probable cause, baseless, without merit, frivolous, and based on false and misleading technical and factual information.

81.    MXS's conduct as described above constitutes unfair competition against the Onavia Counterclaimants including restraining and excluding legitimate competition and attempting to prevent legitimate technical innovation. Further, MXS is attempting to improperly use its claims against the Onavia Counterclaimants to acquire the Onavia Counterclaimants' own trade secrets and technical innovations through litigation and discovery.

1   82.   The Onavia Counterclaimants have been damaged as a direct and proximate result

2   of the foregoing acts of the MXS, including loss and delay of potential customer licensing

3   agreements, and being forced to incur costs of defending the baseless MXS claims.

4   **SEVENTH COUNTERCLAIM**

5   **(Onavia Defendants' Claim Against MXS for Intentional Interference with Prospective**

6   **Economic Advantage)**

7   83.   The Onavia Counterclaimants refer and incorporate herein by reference,

8   paragraphs 1 through 82, inclusive, of this Answer and Counterclaim.

9   84.   The Onavia Counterclaimants are informed and believe that Defendant Kryeziu

10   has ceased his relationship and employment with MXS in April of 2005.

11   85.   The Onavia Counterclaimants and Defendant Kryeziu have entered into a business

12   relationship in January of 2006 for the purpose of combining Defendant Kryeziu's technical and

13   software development knowledge and Onavia Counterclaimants' market and business

14   development know-how for purpose of developing and marketing innovative software products.

15   Defendant Kryeziu is a valued asset in developing marketable products for Onavia

16   Counterclaimants.

17   86.   The Onavia Counterclaimants are informed and believe, and on that basis allege,

18   that MXS intended to disrupt this relationship by filing frivolous and baseless claims against the

19   Onavia Counterclaimants.

20   87.   The Onavia Counterclaimants are informed and believe, and on that basis allege,

21   that MXS intended to disrupt the Onavia Counterclaimants' ability to conduct its operations and

22   effectively market its products to prospective customers.

23   88.   The Onavia Counterclaimants are informed and believe, and on that basis allege

24   that as a proximate result of the disruption in their economic relationships due to MXS's wrongful

25   conduct (e.g., violations of Business & Professional Code Sections 16600 and 17200) they have

26   suffered and will continue to suffer, actual damages in an amount to be proven at trial.

27   89.   Because MXS has acted and appears to be likely to continue to act maliciously,

28   oppressively, despicably and in callous disregard of the rights and interests of the Onavia

ANSWER AND COUNTERCLAIMS OF DEFENDANTS' ONAVIA, ET AL.
TO PLAINTIFF MAUI X-STREAM'S COMPLAINT
CASE NO.: C-07-06236-SI

14

1  Counterclaimants, the Onavia Counterclaimants are entitled to compensatory damages in a sum to

2  be proven at trial.

3                              **PRAYER FOR RELIEF**

4         WHEREFORE, the Onavia Counterclaimants request that the Court award the following

5  relief:

6         A.      Dismiss all allegations of the MXS Complaint with prejudice and finds that MXS

7  takes nothing by its claims;

8         B.      Enter judgment in favor of the Onavia Defendants and against MXS on all claims

9  pertaining to Onavia Defendants in the MXS Complaint;

10        C.      Declare that the Defendant Onavia has not violated Lanham Act – 15 USC §

11  1125(a);

12        D.      Declare that the Onavia Defendants have not misappropriated MXS trade secrets;

13        E.      Declare that the Onavia Defendants have not violated California Business and

14  Professional Code Section 17200;

15        F.      Declare that all of the claims against Defendant DeFranceschi and Defendant

16  Onavia should be dismissed as frivolous.

17        G.      Declare that the Onavia Counterclaimants have a right to continue to develop and

18  market innovative software in the video streaming industry;

19        H.      Declare that Counterclaimant Onavia has the right to continue a business

20  relationship with Defendant Kryeziu in the area of video streaming software development;

21        I.      Declare that MXS has engaged in unfair competition towards the Onavia

22  Counterclaimants under Cal. Bus. & Prof. Code § 17200;

23        J.      Declare that MXS has intentionally interfered with the prospective economic

24  advantage and business relationships of the Onavia Counterclaimants;

25        K.      Award the Onavia Defendants and Counterclaimants attorneys' fees and costs

26  incurred as a result of MXS's frivolous lawsuit and inadequate investigation prior to filing its

27  Complaint against the Onavia Defendants;

28        L.      Grant such other and further relief as the Court deems just and proper.

ANSWER AND COUNTERCLAIMS OF DEFENDANTS' ONAVIA, ET AL.
TO PLAINTIFF MAUI X-STREAM'S COMPLAINT                                              15
CASE NO.: C-07-06236-SI

1

## DEMAND FOR JURY TRIAL

2    The Onavia Defendants and Counterclaimants demand a trial by jury of any and all issues

3  triable of right by a jury in the above-captioned action.

4

5  Dated: February 29, 2008                    Respectfully submitted,

6

7                                              By: _____
                                                   Anton DeFranceschi
8

9                                              ANTON DEFRANCESCHI
                                               427 Connecticut St.
10                                             San Francisco, CA  94107
                                               Telephone: 415.462.6361
11                                             Facsimile: 415.648.8664
                                               tony@defranceschi.net
12
                                               Representing Defendants:
13                                             ONAVIA, INC. AND ANTON
                                               DEFRANCESCHI
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT G**

PLD-C-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS):          TELEPHONE: 818.636.3293<br><br>Doxasoft Technologies, Inc.<br>P.O. Box 55565<br>Santa Clarita, CA 91385<br><br>ATTORNEY FOR (NAME): | FOR COURT USE ONLY:<br><br>FILED<br><br>08 FEB 19 PM 12: 48<br><br>RICHARD W. WIEKING<br>CLERK U.S. DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA |

Insert name of court, judicial district or branch court, if any, and post office and street address:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 Golden Gate Ave. 16th Floor Clerk's Office, San Francisco, CA 94102

PLAINTIFF:
MAUI X-STREAM, INC

DEFENDANT:
DOXASOFT TECHNOLOGIES, INC
P.O. Box 55565
Valencia, CA 91385

| **ANSWER—Contract** | CASE NUMBER:<br><br>C 07-06236 SI |
|---|---|
| ☒  TO COMPLAINT OF (name):<br><br>☐  TO CROSS-COMPLAINT (name): | |

1. This pleading, including attachments and exhibits, consists of the following number of pages:          2

2. DEFENDANT (name):

   answers the complaint or cross-complaint as follows:

3. Check ONLY ONE of the next two boxes:

   a.  ☐  Defendant generally denies each statement of the complaint or cross-complaint. (Do not check this box if
   the verified complaint or cross-complaint demands more than $1,000.)

   b.  ☒  Defendant admits that all of the statements of the complaint or cross-complaint are true EXCEPT:

      (1)   Defendant claims the following statements are false (use paragraph numbers or explain):

         Count III - Trade Secrets
         Doxasoft does not have any relationship with DeFrancheschi, Onavia, or Arben Kryeziu.
         Doxasoft has not acquired unauthorized access to MXS trade secrets.
         Doxasoft is not using MXS trade secrets without authorization.

         Count V - Unfair Competition  (see website: www.doxasoft.com, www.doxasoft.net)
         Doxasoft creates PC based fleet management software, facility management software and web sites, and does not have
         marketing or promotional material for MXS goods.
         Doxasoft promotional and marketing material has not changed since 12/01/03 when spam filtering service was added and
         can be verified via third party industry monitoring service Alexa (wayback machine) www.alexa.com.
         (see website: www.doxasoft.com, www.doxasoft.net)

                ☐  Continued on Attachment 3.b.(1).
      (2)   Defendant has no information or belief that the following statements are true, so defendant denies them  (use
      paragraph numbers or explain):

         Doxasoft has no knowledge of relationships between MXS and Arben Kreyziu, or Arben Kreyziu and DeFrancheschi or Onavia
         therefore no knowledge of the following complaints:

         Count I, Count II, Count IV

                ☐  Continued on Attachment 3.b.(2).

   If this form is used to answer a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-C-010 [Rev. January 1, 2007] | **ANSWER—Contract** | Code of Civil Procedure, § 425.12<br>www.courtinfo.ca.gov<br><br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

PLD-C-010

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Notice of Lawsuit | C 07-06236 SI |

## ANSWER—Contract

4. ☐ AFFIRMATIVE DEFENSES Defendant alleges the following additional reasons that plaintiff is not entitled to recover anything:

☐ Continued on Attachment 4.

5. ☐ Other

6. DEFENDANT PRAYS
    a. that plaintiff take nothing.
    b. ☐ for costs of suit.
    c. ☐ other *(specify)*:

Donna Stephens
(Type or print name)

D Stephens
(Signature of party or attorney)

For your protection and privacy, please press the Clear This

**EXHIBIT H**

# MENNEMEIER, GLASSMAN
## & STROUD LLP

980 9th Street • Suite 1700 • Sacramento, California 95814-2736
Telephone 916-553-4000 • Facsimile 916-553-4011

e-mail
stroud@mgslaw.com

Direct Dial
916-551-2590

March 7, 2008

Anton DeFranceschi
427 Connecticut Street
San Francisco, CA 94107

Re:    Maui X-Stream v. Kryeziu, et al.
       U.S.D.C., Northern District of California ; Case No. C-07-06236-SI

Dear Mr. DeFranceschi:

Our firm represents Maui X-Stream, Inc. in the above-referenced litigation. On February 29, 2008, you filed an "Answer and Counterclaims" on behalf of yourself and Onavia, Inc. ("Onavia").

Please be aware that your Answer and Counterclaims does not comply with either the Federal Rules of Civil Procedure or the laws of the State of California. Because it is a corporation, Onavia cannot represent itself before the court. All corporations must be represented by counsel. *See Paradise v. Nowlin*, 86 Cal. App. 2d (1948); *see also* Northern District of California Local Rule 3-9(b). ("A corporation . . . may appear only through a member of the bar of this Court.")

Therefore, we urge you to retain counsel for Onavia and file a new answer and counterclaim on behalf of yourself and the corporation, using that counsel to represent Onavia. If you fail to take this necessary step, then Maui X-Stream will seek to strike your present Answer and Counterclaim and have default entered in this action. As these pleadings have not been properly filed, please also be aware that we will not respond to the counter-claims as well as they appear to be asserted on behalf of the Onavia parties, which includes the corporation.

MENNEMEIER, GLASSMAN
& STROUD LLP

Anton DeFranceschi
March 7, 2008
Page 2


Please let me know prior to March 12, 2008 whether you will agree to file a new
Answer and Counterclaim that complies with applicable law. In the meantime, we will be
requesting that the Court continue the Initial Case Management Conference scheduled for March
21, 2008 until these matters can be resolved.

Very truly yours,

Andrew W. Stroud


AWS/lv

**EXHIBIT I**

# MENNEMEIER, GLASSMAN
# & STROUD LLP

980 9th Street • Suite 1700 • Sacramento, California 95814-2736
Telephone 916-553-4000 • Facsimile 916-553-4011

e-mail
stroud@mgslaw.com

Direct Dial
916-551-2590

March 7, 2008

Donna Stephens
Doxasoft Technologies, Inc.
P. O. Box 55565
Santa Clarita, CA 91385

Re:    Maui X-Stream v. Kryeziu, et al.
U.S.D.C., Northern District of California ; Case No. C-07-06236-SI

Dear Ms. Stephens:

Our firm represents Maui X-Stream, Inc. in the above-referenced litigation. On or about February 19, 2008, you filed an "Answer" on behalf of Doxasoft Technologies, Inc. ("Doxasoft").

Please be aware that your Answer does not comply with either the Federal Rules of Civil Procedure that govern filings in federal court, or the laws of the State of California. Because it is a corporation, Doxasoft cannot represent itself before the court. All corporations must be represented by an attorney. *See Paradise v. Nowlin*, 86 Cal. App. 2d (1948); *see also* Northern District of California Local Rule 3-9(b). ("A corporation . . . may appear only through a member of the bar of this Court.")

Therefore, we urge you to retain counsel and file a new answer on behalf of Doxasoft using that attorney. If you fail to take this necessary step, then Maui X-Stream will seek to strike Doxasoft's Answer and have default entered against it in this action.

Please let me know prior to March 12, 2008 whether Doxasoft will retain an attorney to file a new answer that complies with applicable law. In the meantime, we will be

Donna Stephens
March 7, 2008
Page 2


requesting that the Court continue the Initial Case Management Conference scheduled for March 21, 2008 until these matters can be resolved.

Very truly yours,

Andrew W. Stroud


AWS/lv

Maui X-Stream, Inc. v. Kryeziu, et al.
U. S. District Court - Case No. CV07-06236 SI

## CERTIFICATE OF SERVICE

I declare as follows:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 980 9th Street, Suite 1700, Sacramento, California 95814. On March 21, 2008, I served the within document:

**DECLARATION OF ANDREW W. STROUD IN SUPPORT OF PLAINTIFF'S REQUEST TO ENTER DEFAULT ON DEFENDANTS ONAVIA, INC. AND DOXASOFT TECHNOLOGIES, INC.**

☐ by transmitting via facsimile from (916) 553-4011 the above listed document(s) without error to the fax number(s) set forth below on this date.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepared, in the United States mail at Sacramento, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and delivering to a Federal Express agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Arben Kryeziu                              Defendant *In Propria Persona*
1366 Owaka Street
Wailuku, HI 96793

William P. Kealey                          Co-Counsel for Plaintiff
Stuart & Branigin LLP
300 Main Street, Ste. 900
Lafayette, IN 47901

Donna Stephens
Doxasoft Technologies, Inc.
P. O. Box 55565
Santa Clarita, CA 91385

Anton DeFranceschi
427 Connecticut Street
San Francisco, CA 94107

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepared in the ordinary course of business.

☒    I declare that I am employed in the office of a member of the bar of this Court at whose direction this service was made.

☒    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 21, 2008, at Sacramento, California.

Linda M. Victorino

2