William P. Kealey (SBN 145386)
STUART & BRANIGIN LLP
300 Main Street, Suite 900
P. O. Box 1010
Lafayette, IN 47901
Telephone: (765) 428-7077

Andrew W. Stroud (SBN 126475)
Landon D. Bailey (SBN 240236)
MENNEMEIER, GLASSMAN & STROUD LLP
980 9th Street, # 1700
Sacramento, CA 95814-2736
Telephone:  916-553-4000
Facsimile:   916-553-4011
Email: stroud@mgslaw.com

*Attorneys for Plaintiff Maui X-Stream, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAUI X-STREAM, INC.,<br><br>              Plaintiff,<br><br>v.<br><br>ARBEN KRYEZIU, ANTHONY DeFRANCESCHI, ONAVIA, INC., DOXASOFT TECHNOLOGIES, INC., and DOES 1 through 10, inclusive,<br><br>              Defendants. | Case No.  C 07-06236 SI<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE AND TO SET DEADLINE FOR CORPORATE DEFENDANTS TO ANSWER**<br><br>Hearing Date: May 23, 2008<br>Time:  9:00 a.m.<br>Courtroom:  10<br>Judge:   Honorable Susan Ilston<br><br>Complaint Filed: December 10, 2007<br>Trial Date: TBA |

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

PLEASE TAKE NOTICE THAT on May 23, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 10 of the above-referenced Court, located at 450 Golden Gate Avenue, San Francisco, California, Plaintiff, Maui X-Stream, Inc. will, and

hereby does move this court for an order striking the Answers filed by Defendants Onavia, Inc. ("Onavia") and Doxasoft Technologies, Inc. ("Doxasoft").

This motion is made pursuant to Federal Rule of Civil Procedure Rule 12(f), and is based upon the grounds that both Onavia and Doxasoft have failed to file a proper Answer in this matter. Contrary to established law, neither corporation is represented by counsel as reflected in the answers filed *pro se* in this matter. The Plaintiff, Maui X-Stream, Inc., respectfully requests this Court to strike the answer and counterclaims of Onavia, which was filed with this Court on February 29, 2008, and the answer of Doxasoft, which was filed with this court on February 19, 2008, and to set a date by which those two corporate Defendants are required to file an answer to the Plaintiff's complaint. This motion will be made upon this notice and motion, the accompanying points and authorities in support thereof, the declaration of Andrew W. Stroud, any and all documents provided to the Court, the pleadings, papers, records, and files in this action, the arguments of counsel, and any other materials the Court may consider.

Dated: April 14, 2008

WILLIAM P. KEALEY
STUART & BRANIGIN LLP

ANDREW W. STROUD
LANDON D. BAILEY
MENNEMEIER, GLASSMAN & STROUD, LLP

_____
Attorneys for Plaintiff Maui X-Stream, Inc.

2

PLAINTIFF'S NOTICE OF MOTION AND MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE AND TO SET DEADLINE FOR CORPORATE DEFENDANTS TO ANSWER-CASE NO. C 07-06236 SI

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTUAL BACKGROUND

Plaintiff filed its Complaint in this matter on December 10, 2007. Plaintiff agreed to an extension for filing of an answer for defendants Anthony DeFranceschi ("DeFranceschi") and Onavia, Inc. ("Onavia") until March 3, 2008. No formal agreement was reached as to Doxasoft with respect to the time for filing an answer. *See* Exhibit A of Declaration of Andy Stroud in Support of Plaintiff's Motion To Strike And To Set Deadline For Defendants' Answer ("Stroud Decl.").

On February 29, 2008, DeFranceschi and Onavia filed an answer and counterclaim. Doxasoft has also provided an "answer" that is a Judicial Council form which is not in a form for appearance in the United States District Court, nor does it comply with Rule 8(b) of the Federal Rules of Civil Procedure. Neither of the corporate Defendants has filed a proper answer or responsive pleading with the Court. The answers have not been signed by an attorney who represents the Defendants. The answer and counterclaim of DeFranceschi and Onavia was signed by Anton DeFranceschi, who acting *pro se*, purports to represent the Defendants Onavia and DeFranceschi. The answer of Doxasoft is signed by Donna Stevens. The answer form does not identify any attorney who represents Doxasoft. *See* Exhibits B and C to Stroud Decl.

On March 4, 2008, a letter from Mr. DeFranceschi was filed with the Court in an attempt to inform the Court of the status of the case. The subject matter of the letter was irrelevant as both Onavia and Doxasoft had filed the defective answers with the court the week prior and the March 3 extension to answer had passed. *See* Exhibit D to Stroud Decl.

On March 7, 2008, Plaintiff sent letters to both Onavia and Doxasoft informing them that a corporation cannot answer *pro se* and must be represented by counsel. *See* Exhibit E and F of Stroud Decl. Despite this warning, neither defendant has obtained counsel nor filed an appropriate response. *See* Stroud Decl., ¶ 8.

3

PLAINTIFF'S NOTICE OF MOTION AND MOTION AND MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO STRIKE AND TO SET DEADLINE FOR CORPORATE
DEFENDANTS TO ANSWER-CASE NO. C 07-06236 SI

On March 21, 2008, Plaintiff filed a request to the clerk to enter default on Onavia and Doxasoft. The answers were defective because the answers were not signed by an attorney representing the Defendant corporations. On April 2, 2008, the Court entered an order declining to enter default as to Onavia and Doxasoft.

## II. ARGUMENT

The law is clear that a corporation can only be represented by a licensed attorney. *In Re Bigelow*, 179 F.3d 1164, 1165 (9th Cir. 1999). A corporation may only appear in federal court through a licensed attorney. *D-Beam Ltd. Partnership v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004). A corporation may not be represented by a person who is not an attorney. *Tinkers & Chance v. Zowie Intertainment, Inc.*, 15 Fed. Appx. 827 (Fed. Cir. 2001); *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167 (2nd Cir. 2001). Corporate defendants may not maintain counterclaims as to which they are not represented by counsel. *Burdick v. Koerner*, 179 F.R.D. 573 (E.D. Wis. 1998). An answer or counterclaim which is filed on behalf of a corporation by a person who is not an attorney is a nullity. *Frayler v. New York Stock Exchange*, 118 F. Supp. 2d 448, 450 (S.D. N.Y. 2000). Therefore, an answer or a counterclaim filed by a corporation which is not represented by counsel may be stricken by the court. *Liberty Mutual Insurance Co. v. Hurricane Logistics Co.*, 216 F.R.D. 14, 16 (D. D.C. 2003); *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984).

Rule 11 of the Federal Rules of Civil Procedure requires that all pleadings be signed by the party or that party's counsel. Therefore, because corporations may only be represented by counsel, any pleadings which are signed by persons who are not attorneys representing the Defendant corporations fail to comply with Rule 11. When a corporate officer signs the answer for the corporation, the court should treat the answer as unsigned and order the corporation to correct the defect promptly. *Operating Engineers Local 139 Health Benefit Fund v. Rawson Plumbing Co.*, 130 F. Supp. 2d 1022, 1024 (E.D. Wis. 2001).

The answers and counterclaim which have been filed by Onavia and Doxasoft are a legal nullity because they are signed by persons who are not attorneys representing these

corporate Defendants. The answers and counterclaim which have been filed by Onavia and Doxasoft fail to comply with Rule 11 of the Federal Rules of Civil Procedure. Therefore, the answers and counterclaim filed on behalf of Onavia and Doxasoft should be stricken.

Because the answers and counterclaim which have been filed are defective and should be stricken, the Court should order Onavia and Doxasoft to appear by counsel and to file their answers to Plaintiff's complaint by a specific date to be set by the Court within 20 days after the entry of the Court's order striking each corporation's answer. Onavia and Doxasoft should further be instructed by the Court that failure to comply with this Court's order shall result in a default judgment being entered by the Court if Onavia and Doxasoft fail to appear and answer by the date specified by the Court. After admonishing a corporate defendant to retain counsel and to answer the complaint, a court would be acting within its discretion to enter a default judgment against a defendant which has failed to appear and answer the complaint. *United States v. High Country Broadcasting Corp*, 3 F.3d 1244, 1245 (9th Cir. 1993); *Memon v. Allied Domecq QSR*, 385 F.3d 871 (5th Cir. 2004) on remand 2005WL1606930; *Rawson Plumbing*, 130 F. Supp. 2d at 1024. *See also Carrico v. Village of Sugar Mountain*, 114 F. Supp. 2d 422 (W.D. N.C. 2000); *aff'd* 15 Fed. Appx. 79.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court to strike the answer and counterclaim of Onavia, to strike the answer of Doxasoft, to set a specific date for the corporate Defendants to appear and answer, and to further instruct said corporate Defendants that failure to answer by that date shall result in appropriate sanctions including default judgment.

Dated: April 14, 2008

WILLIAM P. KEALEY
STUART & BRANIGIN LLP

ANDREW W. STROUD
LANDON D. BAILEY
MENNEMEIER, GLASSMAN & STROUD, LLP

Attorneys for Plaintiff Maui X-Stream, Inc.

PLAINTIFF'S NOTICE OF MOTION AND MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE AND TO SET DEADLINE FOR CORPORATE DEFENDANTS TO ANSWER-CASE NO. C 07-06236 SI

*Maui X-Stream, Inc. v. Kryeziu, et al.*
U. S. District Court - Case No. CV07-06236 SI

## CERTIFICATE OF SERVICE

I declare as follows:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 980 9th Street, Suite 1700, Sacramento, California 95814. On April 14, 2008, I served the within document:

**PLAINTIFF'S NOTICE OF MOTION AND MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE AND TO SET DEADLINE FOR CORPORATE DEFENDANTS TO ANSWER**

☐ by transmitting via facsimile from (916) 553-4011 the above listed document(s) without error to the fax number(s) set forth below on this date.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepared, in the United States mail at Sacramento, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and delivering to a Federal Express agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Onavia, Inc.
427 Connecticut Street
San Francisco, CA 94107

Donna Stephens
Doxasoft Technologies, Inc.
P. O. Box 55565
Santa Clarita, CA 91385

Tony DeFranceschi
427 Connecticut Street
San Francisco, CA 94107

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepared in the ordinary course of business.

☒ I declare that I am employed in the office of a member of the bar of this Court at whose direction this service was made.

☒ I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 14, 2008, at Sacramento, California.

_____
Melissa Haagensen