COLETTE VOGELE (SBN No. 192865)
Email: colette@vogelelaw.com
BENJAMIN COSTA (SBN No. 245953)
Email: ben@vogelelaw.com
VOGELE & ASSOCIATES
12 Geary Street, Suite 701
San Francisco, CA 94108
Tel: (415) 751-5737
Fax: (415) 358-4975

Attorneys for Defendants and Counterclaim
Plaintiffs ONAVIA, INC. and
ANTON DEFRANCESCHI

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MAUI X-STREAM, INC., | Case No. C 07-06236 SI |
| Plaintiff and Counter-defendant, | **ANSWER AND COUNTERCLAIMS OF DEFENDANTS ANTON DEFRANCESCHI AND ONAVIA, INC.** |
| v. | |
| ARBEN KRYEZIU, ANTON DEFRANCESCHI, ONAVIA, INC., DOXASOFT TECHNOLOGIES, INC., AND DOES 1 through 10, inclusive. | **DEMAND FOR JURY TRIAL** |
| Defendants and Counter-claimants. | |

Defendants and Counter-plaintiffs Anton DeFranceschi ("DeFranceschi"), and Onavia, Inc. ("Onavia") (referred to collectively as the "Onavia Defendants"), through the undersigned counsel, hereby answer the Complaint for Breach of Contract, Breach of Duty of Loyalty, Trade Secret Misappropriation, Lanham Act Violations, and Unfair Competition of Plaintiff and Counter-defendant Maui X-Stream, Inc. ("MXS") as follows:

**PARTIES**

1.  The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 1 and on that basis deny each and every allegation of Paragraph 1 of the Complaint.

2. The Onavia Defendants admit that Arben Kryeziu is an individual. The Onavia Defendants deny, upon information and belief, that Defendant Kryeziu resides in San Francisco, California.

3. The Onavia Defendants admit that Anton (incorrectly identified as "Antony") DeFranceschi is an individual residing in San Francisco, California.

4. The Onavia Defendants admit that Defendant Onavia, Inc. is a corporation organized and existing under the laws of California with its principal place of business at 427 Connecticut Street, San Francisco, CA 94107.

5. The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 5 and on that basis deny each and every allegation of Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. The Onavia Defendants admit that this action purports to arise under the laws of the United States. The Onavia Defendants further admit that this Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1332(a)(1), 1338 and principles of supplemental jurisdiction inasmuch as the Complaint purports to state claims arising under the Lanham Act, unfair competition allegations, and diversity of citizenship. The Onavia Defendants deny that Plaintiff MXS has any valid claim or cause against them for breach of contract, breach of duty of loyalty, trade secret misappropriation, Lanham Act violations, unfair competition, or any other alleged cause of action. Except as expressly admitted, the Onavia Defendants deny each and every allegation of Paragraph 6 of the Complaint.

7. The Onavia Defendants admit that this Court has personal jurisdiction over them and admit that venue is proper in this judicial district.

## GENERAL ALLEGATIONS

8. The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 8 and on that basis deny each and every allegation of Paragraph 8 of the Complaint.

9. The Onavia Defendants deny they contacted, alone or in concert with Doxasoft, MXS President James Kartes in 2005, or any other time, to express interest in buying MXS or any of its assets. The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 9 with concern to Doxasoft and therefore deny each and every allegation of Paragraph 9 of the Complaint.

10. The Onavia Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 10 of the Complaint, whereby Onavia Defendants deny each and every of the said allegations. However, the Onavia Defendants submit that they are under the belief, through discussions with Defendant Kryeziu, that Defendant Kryeziu quit any position he had at MXS in April of 2005.

11. The Onavia Defendants deny receiving access to any MXS trade secrets or property, deny any "knowing" receipt of such materials whether written or verbal, and deny any "knowing complicity" with Kryeziu and/or Doxasoft regarding the same. The Onavia Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 11 with concern to what Defendant Kryeziu may or may not have retained from MXS or provided Doxasoft access to, and on that basis deny each and every allegation of Paragraph 11 of the Complaint.

## COUNT 1: BREACH OF CONTRACT (against Kryeziu)

12. Paragraph 12 contains incorporations by reference, to which no response is required. To the extent that a response is deemed necessary, the Onavia Defendants admit that MXS has incorporated the above paragraphs by reference. Further, the Onavia Defendants incorporate by reference their answer set forth in paragraphs one through eleven above.

13. The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 13 and on that basis deny each and every allegation of Paragraph 13 of the Complaint not expressly admitted through incorporation by reference of the paragraphs one through eleven.

3

ANSWER AND COUNTERCLAIMS OF
DEFENDANTS ANTON DEFRANCESCHI AND ONAVIA, INC.

Case No. C 07-06236 SI

14. The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 14 and on that basis deny each and every allegation of Paragraph 14 of the Complaint.

15. The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 15 and on that basis deny each and every allegation of Paragraph 15 of the Complaint.

16. The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 16 and on that basis deny each and every allegation of Paragraph 16 of the Complaint.

## COUNT 2: BREACH OF DUTY OF LOYALTY (Against Kryeziu)

17. Paragraph 17 contains incorporations by reference, to which no response is required. To the extent that a response is deemed necessary, Onavia Defendants admit that MXS has incorporated the above paragraphs by reference. Further, the Onavia Defendants incorporate by reference their answer set forth in paragraphs one through sixteen above.

18. The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 18 and on that basis deny each and every allegation of Paragraph 18 of the Complaint.

19. The Onavia Defendants deny that any MXS proprietary information has been used for the benefit of the commercial ventures of the Onavia Defendants. The Onavia Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 19 in respect to personal ventures of Defendant Kryeziu or ventures of Doxasoft, and on that basis deny each and every remaining allegation of Paragraph 19 of the Complaint.

20. The Onavia Defendants deny MXS has suffered any harm due to any actions of the Onavia Defendants. The Onavia Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 20 in respect to actions taken by any other defendants, and on that basis deny each and every remaining allegation of Paragraph 20 of the Complaint.

21. The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 21 and on that basis deny each and every allegation of Paragraph 21 of the Complaint.

**COUNT 3: TRADE SECRET MISAPPROPRIATION (Against All Defendants)**

22. Paragraph 22 contains incorporations by reference, to which no response is required. To the extent that a response is deemed necessary, Onavia Defendants ADMIT that MXS has incorporated the above paragraphs by reference. Further, the Onavia Defendants incorporate by reference their answer set forth in paragraphs one through twenty-one above.

23. The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 23 and on that basis deny each and every allegation of Paragraph 23 of the Complaint.

24. The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 24 and on that basis deny each and every allegation of Paragraph 24 of the Complaint.

25. The Onavia Defendants deny that they have acquired any access to MXS trade secrets through Defendant Kryeziu or any other means. The Onavia Defendants further deny that they have ever seen any MXS internal engineering designs for any of MXS video streaming products through Defendant Kryeziu or any other means. The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 25 as they pertain to any other defendants, and on that basis deny each and every allegation of Paragraph 25 of the Complaint.

26. The Onavia Defendants deny any use of any MXS trade secrets. The Onavia Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 26 as they pertain to any other defendants, and on that basis deny each and every allegation of Paragraph 26 of the Complaint.

27. The Onavia Defendants deny MXS has suffered any harm due to any actions of the Onavia Defendants. The Onavia Defendants are without sufficient information to admit or

5

ANSWER AND COUNTERCLAIMS OF  
DEFENDANTS ANTON DEFRANCESCHI AND ONAVIA, INC.

Case No. C 07-06236 SI

deny the remaining allegations of Paragraph 27 in respect to actions taken by any other defendants, and on that basis deny each and every allegation of Paragraph 27 of the Complaint.

28. The Onavia Defendants deny MXS has suffered any harm due to any actions of the Onavia Defendants, and therefore deny that MXS is entitled to exemplary damages from the Onavia Defendants. The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 28 in respect to any other defendants, and on that basis deny each and every allegation of Paragraph 28 of the Complaint.

**COUNT 4: LANHAM ACT – 15 U.S.C § 1125(a) (Against Onavia)**

29. Paragraph 29 contains incorporations by reference, to which no response is required. To the extent that a response is deemed necessary, Defendant Onavia admits that MXS has incorporated the above paragraphs by reference. Further, Defendant Onavia incorporates by reference its answer set forth in paragraphs one through twenty-eight above.

30. Defendant Onavia denies claiming any MXS innovations as their own for marketing or any other purposes, and on this basis denies each and every allegation of paragraph 30 of the Complaint.

31. Defendant Onavia denies all allegations of paragraph 31 of the Complaint.

32. Defendant Onavia denies all allegations of paragraph 32 of the Complaint.

33. Defendant Onavia denies the allegations of paragraph 33 of the Complaint.

34. Defendant Onavia denies the allegations of paragraph 34 of the Complaint.

35. Defendant Onavia denies the allegations of paragraph 35 of the Complaint.

36. Defendant Onavia denies the allegations of paragraph 36 of the Complaint .

**COUNT 5: UNFAIR COMPETITION – BUS. & PROF. CODE § 17200**
**(Against All Defendants)**

37. Paragraph 37 contains incorporations by reference, to which no response is required. To the extent that a response is deemed necessary, Onavia Defendants ADMIT that MXS has incorporated the above paragraphs by reference. Further, the Onavia Defendants incorporate by reference their answer set forth in paragraphs one through thirty-six above.

38. Defendant Onavia denies all allegations of paragraph 38 of the Complaint.

39. The Onavia Defendants deny that their actions have resulted in unfair competition. The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 39 in respect to actions taken by any other defendants, and therefore deny each and every allegation of Paragraph 39 of the Complaint.

40. The Onavia Defendants deny the allegations of paragraph 40 of the Complaint. The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 40 in respect to actions taken by any other defendants, and therefore deny each and every allegation of Paragraph 40 of the Complaint.

41. The Onavia Defendants deny that MXS has suffered any injury, any potential or actual loss of money or property arising from any of the actions of the Onavia Defendants. The Onavia Defendants are without sufficient information to admit or deny the allegations of Paragraph 41 in respect to actions taken by any other defendants, and therefore deny each and every allegation of Paragraph 41 of the Complaint.

## AFFIRMATIVE DEFENSES

For their further and separate defensives to the allegations of the Complaint, and without assuming any burden of proof they would otherwise bear under applicable law, the Onavia Defendants plead as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any non-frivolous fact-based claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Onavia Defendants have not taken any actions causing trade secret misappropriation, Lanham Act violations, unfair competition, or any other alleged cause of action.

### THIRD AFFIRMATIVE DEFENSE

MXS has not taken steps to create and protect any trade secrets.

### FOURTH AFFIRMATIVE DEFENSE

MXS has an adequate remedy at law and no basis exists for the grant of equitable relief.

ANSWER AND COUNTERCLAIMS OF  
DEFENDANTS ANTON DEFRANCESCHI AND ONAVIA, INC.                    Case No. C 07-06236 SI

1 **FIFTH AFFIRMATIVE DEFENSE**

2 MXS's claims are barred by the equitable doctrines of estoppel, waiver, acquiescence,
3 and/or implied license.

4 **SIXTH AFFIRMATIVE DEFENSE**

5 Each of MXS's claims for relief is barred, in whole or in part, by the doctrine of laches.

6 **SEVENTH AFFIRMATIVE DEFENSE**

7 Each of MXS's claims for relief is barred, in whole or in part, by the doctrine of unclean
8 hands.

9 **EIGHTH AFFIRMATIVE DEFENSE**

10 MXS has suffered no actual or potential injury; it has suffered no damages; hence it
11 cannot receive damages or injunctive relief.

12 **NINETH AFFIRMATIVE DEFENSE**

13 MXS has failed to mitigate its damages, if any.

14 **TENTH AFFIRMATIVE DEFENSE**

15 The claims of MXS are barred as unconscionable.

16 **ELEVENTH AFFIRMATIVE DEFENSE**

17 No cause of action lies against the Onavia Defendants because its alleged actions were at
18 all times reasonable, privileged, and justified under the law.

19

20 The Onavia Defendants reserve the right to add, supplement, modify, change, or amend
21 any and all of their affirmative defenses as new facts become known through discovery and
22 investigation.

23 **COUNTERCLAIM OF THE ONAVIA DEFENDANTS**

24 For its separate Counterclaim against Plaintiff and Counter-defendant MXS ("MXS"), the
25 Anton DeFranceschi ("DeFranceschi") and Onavia, Inc. ("Onavia") (collectively "Onavia
26 Counterclaimants") hereby allege as follows:

27
28

## PARTIES

1. The Onavia Counterclaimants incorporate the allegations of the Answer as if set forth herein.

2. By its Complaint, MXS alleges that the Onavia Counterclaimants have engaged in Trade Secret Misappropriation and Unfair Competition, and further alleges that Defendant Onavia is in violation of Lanham Act 15 U.S.C § 1125(a). The Onavia Counterclaimants have denied these allegations. The Onavia Counterclaimants contend that they have not engaged in any activities that might be construed as misappropriation of trade secrets or unfair competition. The Onavia Counterclaimants further contend that they have never obtained, never been in possession, and are currently not in possession of any MXS trade secrets. Defendant Onavia contends it has not engaged in any activities barred by the Lanham Act. A justiciable controversy therefore exists between MXS and the Onavia Counterclaimants.

3. By this counterclaim, the Defendant Onavia seeks a declaratory judgment that it has not violated the Lanham Act.

4. By this Counterclaim, the Onavia Counterclaimants seek a declaratory judgment that the Onavia Counterclaimants have not engaged in Trade Secret Misappropriation.

5. By this Counterclaim, the Onavia Counterclaimants seek a declaratory judgment that the Onavia Counterclaimants have not engaged in Unfair Competition against MXS.

6. A judicial declaration is necessary and appropriate at this time in order that the Onavia Counterclaimants may preserve the right to engage in commercial activities, preserve the right to develop technical innovations for the benefit of the marketplace and their own profit.

## JURISDICTION AND VENUE

7. These counterclaims arise under federal statutory law, including 15 U.S.C. §§ 45 and 1125, and 28 U.S.C. § 2201, as well as the California Business and Professional Code Sections 16600 and the California Unfair Competition Law (Business & Professional Code Section 17200, et seq.) Accordingly, this Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a). Additionally, because there are now pending before

9

ANSWER AND COUNTERCLAIMS OF
DEFENDANTS ANTON DEFRANCESCHI AND ONAVIA, INC.

Case No. C 07-06236 SI

this Court claims involving substantially related questions of law and fact, this Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1367.

8. Venue properly lies in this judicial district by virtue of Counterclaim-Defendant having instituted litigation in this Court and otherwise within this District and this Division, this venue would also appropriately cover the Onavia Counterclaimants' claims for declaratory relief because MXS is subject to personal jurisdiction in this Court. Venue would therefore be proper pursuant to 28 U.S.C. § 1400(b).

## **FIRST COUNTERCLAIM**

**(Declaration of No Trade Secret Misappropriation Violation)**

9. Onavia Counterclaimants refer and incorporate herein by reference, paragraphs 1 through 8, inclusive, of this Answer and Counterclaim.

10. By its Complaint, MXS alleges that the Onavia Defendants have engaged in misappropriation of trade secrets. The Onavia Defendants have denied these allegations and contends that MXS is merely using this claim to interfere with the business of the Onavia Counterclaimants. As a consequence, there is an actual and justiciable controversy between MXS and the Onavia Counterclaimants.

11. A judicial declaration is necessary and appropriate at this time in order that the Onavia Counterclaimants may ascertain their rights and duties with respect to the technology it has developed and commercialized.

## **SECOND COUNTERCLAIM**

**(Declaration of No Violation under the Lanham Act)**

12. Counterclaimant Onavia refers and incorporate herein by reference, paragraphs 1 through 11, inclusive, of this Answer and Counterclaim.

13. By its Complaint, MXS alleges that Counterclaimant Onavia has violated the Lanham Act. Counterclaimant Onavia denies this contention and contends this claim by MXS is meant only to disrupt the business of Counterclaimant Onavia and prevent possible competition from a new, innovative product. As a consequence, there is an actual and justiciable controversy between MXS and Counterclaimant Onavia.

10

ANSWER AND COUNTERCLAIMS OF
DEFENDANTS ANTON DEFRANCESCHI AND ONAVIA, INC.

Case No. C 07-06236 SI

14. A judicial declaration is necessary and appropriate at this time in order that Counterclaimant Onavia may ascertain their rights and duties with respect to the technology is has developed and commercialized, and needs to continue to market.

### THIRD COUNTERCLAIM

**(Declaration Of No Violation Under
California Business & Professional Code Section 17200, Et Seq.)**

15. Counterclaimant Onavia refers and incorporate herein by reference, paragraphs 1 through 14, inclusive, of this Answer and Counterclaim.

16. By its Complaint, MXS alleges that Onavia Counterclaimants have violated Cal. Bus. & Prof. Code Section 17200 by misappropriating MXS trade secrets and using these trade secrets, along with misleading product literature, to improperly compete with MXS in the field of video streaming. The Onavia Counterclaimants strongly deny these allegations. As a consequence, there is an actual and justiciable controversy between MXS and the Onavia Defendants.

17. A judicial declaration is necessary and appropriate at this time in order that Counterclaimant Onavia may ascertain their rights and duties with respect to the technology it has developed and commercialized, and needs to continue to market.

### FOURTH COUNTERCLAIM

**(Declaration of Onavia Counterclaimants' Right To Continue Developing
And Marketing Their Own Proprietary Video Streaming Software)**

18. The Onavia Counterclaimants refer and incorporate herein by reference, paragraphs 1 through 17, inclusive, of this Answer and Counterclaim.

19. By its Complaint, MXS alleges that Onavia Counterclaimants have misappropriated MXS trade secrets and used these trade secrets to create Onavia software products in the field of video streaming. The Onavia Counterclaimants strongly deny these allegations. As a consequence, there is an actual and justiciable controversy between MXS and the Onavia Defendants.

ANSWER AND COUNTERCLAIMS OF   Case No. C 07-06236 SI
DEFENDANTS ANTON DEFRANCESCHI AND ONAVIA, INC.

20. By this Counterclaim, the Onavia Counterclaimants seek a declaratory judgment that their software was not developed using any intellectual property created by MXS, and is therefore free to continue to develop and market said technology without interference from MXS.

21. A judicial declaration is necessary and appropriate at this time in order that the Onavia Defendants may ascertain their rights and duties with respect to their proprietary software.

## FIFTH COUNTERCLAIM

**(Declaration Of Counterclaimant Onavia's Right To Continue To Engage Arben Kryeziu)**

22. The Onavia Counterclaimants refer and incorporate herein by reference, paragraphs 1 through 21, inclusive, of this Answer and Counterclaim.

23. MXS seeks to preclude Mr. Kryeziu from working and collaborating with Counterclaimant Onavia, a California corporation.

24. MXS's attempt to preclude Mr. Kryeziu from working and collaborating with Onavia is improper and seeks to deprive Counterclaimant Onavia of its right to free access to a national pool of potential employees. Further, MXS's attempt to preclude Mr. Kryeziu from working and collaborating with Onavia is improper and seeks to deprive Defendant Kryeziu of his freedom to use his knowledge and earn a living in the field of his choice.

25. There exists an actual and justiciable controversy between MXS and Counterclaimant Onavia with respect to Counterclaimant Onavia and its employees' and prospective employees' rights to be free from trade restraints.

26. Counterclaimant Onavia seeks a declaratory judgment that it has the right to continue working and collaborating with Mr. Kryeziu in the field of video streaming technology.

27. A judicial declaration is necessary and appropriate at this time so that Counterclaimant Onavia can ascertain its rights with respect to its workforce.

///

///

///

## SIXTH COUNTERCLAIM

### (Unfair Competition – Cal. Bus. & Prof. Code § 17200)

28. The Onavia Counterclaimants refer and incorporate herein by reference, paragraphs 1 through 27, inclusive, of this Answer and Counterclaim.

29. In December of 2007, Plaintiff MXS, acting in bad faith, filed a complaint against Onavia Counterclaimants asserting that the Onavia Counterclaimants have engaged in misappropriation of trade secrets and unfair competition and that Counterclaimant Onavia had violated Lanham Act. This Complaint is lacking in probable cause, baseless, without merit, frivolous, and based on false and misleading technical and factual information.

30. MXS's conduct as described above constitutes unfair competition against the Onavia Counterclaimants including restraining and excluding legitimate competition and attempting to prevent legitimate technical innovation. Further, MXS is attempting to improperly use its claims against the Onavia Counterclaimants to acquire the Onavia Counterclaimants' own trade secrets and technical innovations through litigation and discovery.

31. The actions of MXS constitute unfair competition under California common law.

32. The Onavia Counterclaimants have been damaged as a direct and proximate result of the foregoing acts of the MXS, including loss and delay of potential customer licensing agreements, and being forced to incur costs of defending the baseless MXS claims.

33. As a proximate result of MXS' above-described conduct, the Onavia Counterclaimants are informed and believes and based thereon alleges that they have been damaged in an unascertained amount. Onavia Defendants and Counterclaimants will seek leave to amend this Counterclaim when such damages have been ascertained.

## SEVENTH COUNTERCLAIM

### (Onavia Defendants' Claim Against MXS For Intentional Interference With Prospective Economic Advantage)

34. The Onavia Counterclaimants refer and incorporate herein by reference, paragraphs 1 through 33, inclusive, of this Answer and Counterclaim.

13

ANSWER AND COUNTERCLAIMS OF
DEFENDANTS ANTON DEFRANCESCHI AND ONAVIA, INC.

Case No. C 07-06236 SI

35. The Onavia Counterclaimants are informed and believe that Defendant Kryeziu has ceased his relationship and employment with MXS in April of 2005.

36. The Onavia Counterclaimants and Defendant Kryeziu have entered into a business relationship in January of 2006 for the purpose of combining Defendant Kryeziu's technical and software development knowledge and Onavia Counterclaimants' market and business development know-how for purpose of developing and marketing innovative software products. Defendant Kryeziu is a valued asset in developing marketable products for Onavia Counterclaimants.

37. The Onavia Counterclaimants are informed and believe, and on that basis allege, that MXS intended to disrupt this relationship by filing frivolous and baseless claims against the Onavia Counterclaimants.

38. The Onavia Counterclaimants are informed and believe, and on that basis allege, that MXS intended to disrupt the Onavia Counterclaimants' ability to conduct its operations and effectively market its products to prospective customers.

39. The actions of MXS as described hereinabove constitute intentional interference with prospective economic advantage under California common law

40. As a proximate result of MXS' above-described conduct, Onavia Defendants and Counterclaimants are informed and believes and based thereon alleges that they have been damaged in an unascertained amount. Onavia Defendants will seek leave to amend this Counterclaim when such damages have been.

41. The above-described acts of MXS have caused and are continuing to cause irreparable injury to Onavia Defendants, for which Onavia Defendants and Counterclaimants have no adequate remedy at law, and MXS will continue to do so unless enjoined by this court.

42. Because MXS has acted and appears to be likely to continue to act maliciously, oppressively, despicably and in callous disregard of the rights and interests of the Onavia Counterclaimants, the Onavia Counterclaimants are entitled to compensatory damages in a sum to be proven at trial.

///

## PRAYER FOR RELIEF

WHEREFORE, the Onavia Counterclaimants request that the Court award the following relief:

A. Dismiss all allegations of the MXS Complaint with prejudice and finds that MXS takes nothing by its claims;

B. Enter judgment in favor of the Onavia Defendants and against MXS on all claims pertaining to Onavia Defendants in the MXS Complaint;

C. Declare that the Defendant Onavia has not violated Lanham Act – 15 USC § 1125(a);

D. Declare that the Onavia Defendants have not misappropriated MXS trade secrets;

E. Declare that the Onavia Defendants have not violated California Business and Professional Code Section 17200;

F. Declare that all of the claims against Defendant DeFranceschi and Defendant Onavia should be dismissed as frivolous.

G. Declare that the Onavia Counterclaimants have a right to continue to develop and market innovative software in the video streaming industry;

H. Declare that Counterclaimant Onavia has the right to continue a business relationship with Defendant Kryeziu in the area of video streaming software development;

I. Declare that MXS has engaged in unfair competition towards the Onavia Counterclaimants under Cal. Bus. & Prof. Code § 17200;

J. Declare that MXS has intentionally interfered with the prospective economic advantage and business relationships of the Onavia Counterclaimants;

K. Award the Onavia Defendants and Counterclaimants attorneys' fees and costs incurred as a result of MXS's frivolous lawsuit and inadequate investigation prior to filing its Complaint against the Onavia Defendants;

L. Grant such other and further relief as the Court deems just and proper.

///

///

**DEMAND FOR JURY TRIAL**

The Onavia Defendants and Counterclaimants demand a trial by jury of any and all issues triable of right by a jury in the above-captioned action.

Dated: June 9, 2008

                                                   VOGELE & ASSOCIATES

By:   /S/  _____
          Colette Vogele
Attorneys for Defendants and Counterclaim Plaintiffs ONAVIA, INC. and ANTON DEFRANCESCHI

16

ANSWER AND COUNTERCLAIMS OF
DEFENDANTS ANTON DEFRANCESCHI AND ONAVIA, INC.

Case No. C 07-06236 SI