1  William P. Kealey (State Bar No. 145386)
   STUART & BRANIGIN LLP
2  300 Main Street, Suite 900
   Lafayette, IN 47901
3  Telephone: (765) 428-7077

4  Andrew W. Stroud (State Bar No. 126475)
   Landon D. Bailey (State Bar No. 240236)
5  MENNEMEIER, GLASSMAN & STROUD LLP
6  980 9th Street, #1700
   Sacramento, CA 95814
7  Telephone: 916-553-4000
   Facsimile: 916-553-4011
8
   *Attorneys for Plaintiff Maui X-Stream, Inc.*
9

10                     UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA
12

13 | MAUI X-STREAM, INC.,              ) Case No.: C 07-06236 SI
                                       )
14 |               Plaintiff,          ) **MEMORANDUM OF POINTS AND**
                                       ) **AUTHORITIES IN SUPPORT OF**
15 |    v.                             ) **MOTION OF MAUI X-STREAM**
                                       ) **TO DISMISS/STRIKE**
16 |                                   ) **COUNTERCLAIMS**
   | ARBEN KRYEZIU, ANTHONY           )
17 | DeFRANCESCHI, ONAVIA, INC.,       )
   | DOXASOFT TECHNOLOGIES, INC., and  )
18 | DOES 1 through 10, inclusive,     )
                                       )
19 |               Defendants.         )
                                       )
20 | _____    )

21      Comes now Plaintiff and Counterclaim-Defendant Maui X-Stream, Inc. ("MXS"), by

22 counsel, and in support of its Motion to Dismiss/Strike Counterclaims, states:

23      This suit concerns breach of contract, trade secret misappropriation and related

24 misconduct with respect to video streaming technology belonging to plaintiff MXS.  On June 9,

25 2008, Defendants Onavia, Inc. and Anton DeFranceschi filed their counterclaim against Plaintiff

26 MXS.  Docket No. 33.  The counterclaim attempts seven counts.  Counterclaims 1-4 mirror the

                                        1

MXS claims in this case and ask for plaintiff-take-nothing declaratory relief. Counterclaims 6 and 7 allege that the complaint by MXS in this case is itself a tortuous act. None of those six counts should be permitted to go forward in this case.

### A.   Plaintiffs' "mirror image" counterclaims should be stricken.

It is appropriate to strike a counterclaim that would be resolved by resolution of the plaintiff's claim and affirmative defenses thereto. *Daily v. Federal Ins. Co.*, 2005 WL 14737, *6 (N.D. Cal., January 3, 2005). In *Stickrath v. Globalstar, Inc.*, 2008 WL 2050990 (N.D. Cal., May 13, 2008), the court observed:

> This Court has complete discretion whether to hear a counterclaim for declaratory judgment. . . . Numerous courts have used that discretion to dismiss counterclaims under Fed. Rule Civ. Pro. 12(f) where they are either the 'mirror image' of claims in the complaint or redundant of affirmative defenses.

*3. The court reasoned that it should dismiss or strike a redundant counterclaim when "'it is clear that there is a complete identity of factual and legal issues between the complaint and the counterclaim.'" *4 (citation omitted). The court then concluded: "[Counterclaimant] has not identified any uncertainty or controversy apart from those raised in the Complaint and affirmative defenses that its counterclaim could permissibly put to rest. The counterclaim is entirely superfluous." *7. Accordingly, the court struck the "mirror image" counterclaims.

Under the reasoning of *Stickrath v. Globalstar*, the first four counterclaims should be stricken.

Counterclaimants' first two affirmative defenses state:

**FIRST AFFIRMATIVE DEFENSE**
The Complaint fails to state any non-frivolous fact-based claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**
The Onavia Defendants have not taken any actions causing trade secret misappropriation, Lanham Act violations, unfair competition, or any other alleged cause of action.

Docket No. 33, p. 7.

Counterclaimants' first four counterclaims merely elaborate on those two affirmative defenses. The first four counterclaims are captioned:

**FIRST COUNTERCLAIM**
**(Declaration of No Trade Secret Misappropriation Violation)**

**SECOND COUNTERCLAIM**
**(Declaration of No Violation under the Lanham Act)**

**THIRD COUNTERCLAIM**
**(Declaration Of No Violation Under**
**California Business & Professional Code Section 17200, Et Seq.)**

**FOURTH COUNTERCLAIM**
**(Declaration of Onavia Counterclaimants' Right to Continue Developing**
**And Marketing Their Own Proprietary Video Streaming Software)**

In substance, each of these four counterclaims seeks a "plaintiff take nothing" judgment. Therefore, these four counterclaims are redundant of the first two affirmative defenses and should be stricken.

**B.    Counterclaims 6 and 7 must be dismissed for unripeness.**

Counterclaims 6 and 7 attempt to state tort claims against MXS for commencing this case. MXS' complaint in this case cannot give rise to a tort counterclaim in this case. Obtaining a favorable determination of the underlying suit must precede a tort claim that attacks the filing of the suit. *Siebel v. Mittlesteadt*, 118 Cal. App. 4th 406, 12 Cal. Rptr. 3d 906, 913-14 (2004). In the present case, the counterclaimants do not (and obviously cannot) allege that they have obtained any favorable determination of MXS' claims in this case. Therefore, Counterclaims 6 and 7 are unripe and must be dismissed for failure to state a claim upon which relief may be granted.

The act of suit is ordinarily immune from liability under Cal. Civ. Code § 47, which

privileges any communication (1) made in judicial or quasi-judicial proceedings, (2) by litigants or other participants authorized by law, (3) to achieve the objects of the litigation, and (4) that have some connection or logical relation to the action. The purpose of the privilege is to allow litigants the utmost freedom of access to secure and defend their rights.

Counterclaimants attempt to circumvent this privilege by captioning Counterclaims 6 and 7 under California's unfair competition statute and under the common law tort of interference with contract or economic advantage. This tactic fails. The only potential path around section 47 is an action for malicious prosecution. *Nestle USA, Inc. v. Virtual Integration Technology*, 2000 U.S.Dist. LEXIS 7470, *6-7 (C.D. Cal., May 15, 2000). As that court stated:

> The litigation privilege is absolute in nature, and is intended to promote the truth-seeking functions of judicial proceedings by protecting litigants from derivative tort actions. [citation] Where it applies, the privilege bars all state law tort suits except malicious prosecution actions. [citation] "Moreover, any doubt as to whether the privilege applies is resolved in favor of applying it." [citation]

*Id.*

Counterclaims 6 and 7 attempt to allege malicious prosecution facts. In paragraphs 29-30 of the Sixth Counterclaim, the counterclaimants allege:

> 29. In December of 2007, Plaintiff MXS, acting in bad faith, filed a complaint against Onavia Counterclaimants asserting that the Onavia Counterclaimants have engaged in misappropriation of trade secrets and unfair competition and that Counterclaimant Onavia had violated Lanham Act. This Complaint is lacking in probable cause, baseless, without merit, frivolous, and based on false and misleading technical and factual information.
>
> 30. MXS's conduct as described above constitutes unfair competition against the Onavia Counterclaimants including restraining and excluding legitimate competition and attempting to prevent legitimate technical innovation. Further, MXS is attempting to improperly use its claims against the Onavia Counterclaimants to acquire the Onavia Counterclaimants' own trade secrets and technical innovations through litigation and discovery.

Similarly, paragraphs 36-37 allege:

> 36. The Onavia Counterclaimants and Defendant Kryeziu have entered into a

business relationship in January of 2006 for the purpose of combining Defendant Kryeziu's technical and software development knowledge and Onavia Counterclaimants' market and business development know-how for purpose of developing and marketing innovative software products. Defendant Kryeziu is a valued asset in developing marketable products for Onavia Counterclaimants.

37. The Onavia Counterclaimants are informed and believe, and on that basis allege, that MXS intended to disrupt this relationship by filing frivolous and baseless claims against the Onavia Counterclaimants.

Thus, both the sixth and seventh counterclaims prematurely seek relief against MXS for bringing this suit.

For these reasons counterclaims 6 and 7 fail to state a claim upon which relief may be granted and must be dismissed.

/S/ WILLIAM P. KEALEY
_____
William P. Kealey
California Attorney No. 145386
Stuart & Branigin LLP
300 Main Street, Suite 900
Lafayette, IN 47901
Telephone: (765) 428-7077

Andrew W. Stroud (State Bar No. 126475)
Landon D. Bailey (State Bar No. 240236)
Mennemeier, Glassman & Stroud LLP
980 9th Street, #1700
Sacramento, CA 95814
Telephone: 916-553-4000
Facsimile: 916-553-4011
*Attorneys for Plaintiff Maui X-Stream, Inc.*

## CERTIFICATE OF SERVICE

I certify that on the 30th day of June, 2008, service of a true and complete copy of the above and foregoing pleading or paper was made upon:

Arben Kryeziu  
1366 Owaka Street  
Wailuku, HI 96793

Donna Stevens  
Doxasoft Technologies, Inc.  
P.O. Box 55565  
Santa Clarita, CA 91385

by depositing the same in the United States mail in an envelope properly addressed and with sufficient first class postage affixed. I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Andrew W. Stroud, Landon D. Bailey, Colette Vogele, and Benjamin A. Costa.

/S/ WILLIAM P. KEALEY  
_____  
William P. Kealey

466388.1