*[Pursuant to Civ. L. R. 3-4(a)(1), a complete list of parties represented appears in the signature page of this document.]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAUI X-STREAM, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARBEN KRYEZIU, ANTHONY DeFRANCESCHI, ONAVIA, INC., DOXASOFT TECHNOLOGIES, INC., and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: C 07-06236 SI <br><br> **JOINT CASE MANAGEMENT STATEMENT** |

  Come now Plaintiff and Counterclaim-Defendant Maui X-Stream, Inc. ("MXS"), by counsel, and Defendant-Counterclaimants Onavia, Inc. and Anton DeFranceschi (collectively, "Onavia Defendants") by counsel, and file this report from their Rule 26(f) conferences. Defendant Arben Kryeziu, who has appeared pro se but has not filed a responsive pleading, did not participate in the Rule 26(f) conference; however, counsel for MXS has supplied a draft of this document to Kryeziu and has received no objection. Defendant Doxasoft Technologies, Inc. has failed to appear, and the Clerk of this Court has entered that defendant's default.

1

1.    Jurisdiction and Service:

All named parties have been served.  No objection to personal jurisdiction or subject matter jurisdiction defect has been asserted.

2.    Facts:

A.    MXS's Statement.

Kryeziu and James Kartes co-founded MXS in 2003 for the purpose of creating and selling video streaming products and services.  Kryeziu was an officer of MXS.  Kryeziu contributed confidential video streaming work-product to MXS.  MXS released its video-streaming product under the "VX-30" trademark, which MXS continues to sell today.  From 2003 to 2005, Kryeziu worked for MXS creating and managing improvements to the VX-30 product.  In 2005, Doxasoft and DeFranceschi contacted MXS President James Kartes to express their interest in buying MXS.  Kartes declined their offer.

Kryeziu subsequently quit his position with MXS.  Kryeziu represented to MXS that he had returned to MXS all video streaming work-product in his possession, and that he retained none.  Kryeziu retained then and continues to retain today trade secret video streaming work-product that is the property of MXS.

MXS has taken reasonable steps to secure the secrecy of its internal engineering designs for key features of its video streaming products.  The commercial value of these engineering designs depends in large part on the fact that such designs are not generally known.  Nonetheless, DeFranceshci, Onavia, and Doxasoft have acquired unauthorized access to these designs, and continue to use these designs and other trade secrets of MXS without authorization, and without compensating MXS in any way.

Moreover, Onavia has claimed MXS's innovations as its own for marketing purposes, passing off MXS's products as those of Onavia.  MXS, unable to control the quality of the goods

offered by Onavia, has been harmed in the marketplace by Onavia's dishonest, misleading descriptions of its products. Onavia has falsely designated the origin of its products and falsely described its products by misrepresenting their nature, characteristics, and quality. Through this dishonest and unfair competition, Onavia has harmed and continues to harm MXS.

If not enjoined from this unlawful conduct, DeFranceschi, Onavia and Doxasoft will continue to harm MXS through unfair competition using MXS proprietary trade secret information and designs. Defendants must be compelled to compete fairly in the marketplace, without using technological innovations not their own, and should be made to compensate MXS for the damage already caused.

B. The Onavia Defendants' Statement:

Founded by San Francisco-based tech entrepreneur Tony DeFranceschi in 2006, Onavia is a small start up in the on-line video player technology market. Prior to establishing Onavia, Mr. DeFranceschi held operating roles at two different tech start-up ventures, and advised Fortune 100 companies and start ups as a strategic consultant with McKinsey & Company, a global management consulting firm. Mr. DeFranceschi holds a Masters degree in electrical engineering from Rice University, and an MBA from the Kellogg School of Management at Northwestern University. Mr. DeFranceschi reputation in business and ethics is unblemished and he holds himself to the highest ethical standards of conduct and values.

Mr. DeFranceschi founded Onavia because he saw an unaddressed market need for an on-line video player based on the H.264 video standard and built in the Java programming language. No company offered such technology at the time in the growing online video market. After more than a year of development, Onavia launched its player in the fall of 2007. Shortly thereafter, the Onavia Defendants learned of MXS's lawsuit and immediately conducted their

own investigation of the facts.

Based on its investigation, the Onavia Defendants believe that Defendant Doxasoft allegedly distributed MXS code as part of a product it sold to a customer. That customer found Defendant Kryeziu's name associated with some of the code in question. Later, the same Doxasoft customer contacted MXS about the questionable code, which evidently gave rise to MXS's concerns about its trade secrets and Mr. Kryeziu's involvement. However, none of these facts point to any wrongdoing or involvement by the Onavia Defendants. In fact, MXS's concerns regarding the Onavia Defendants are misplaced and the action against them should be dismissed.

As the facts will bear out, Mr. DeFranceschi had neither contact nor commercial interaction of any kind with Defendant Doxasoft since the initial few exploratory meetings in the summer of 2005. In May 2005, Doxasoft contacted Mr. DeFranceschi for advice regarding a business idea they wanted to further evaluate and develop. As part of this business idea, Doxasoft was intending to utilize certain technology components developed by MXS. In those meetings, Mr. DeFranceschi learned that Doxasoft was contemplating making an offer to acquire/buy MXS.[1] Subsequently, Doxasoft invited Mr. DeFranceschi to a joint meeting with Mr. Kartes, MXS's president, and Mr. Kryeziu in Los Angeles to further help them assess the online video market. As a result of that discussion, Mr. Kartes invited Mr. DeFranceschi to Hawaii to discuss and provide ideas as to how MXS might best market and sell their technology. During those discussions, Mr. Kartes inquired and explored the possibility of Mr. DeFranceschi working or collaborating with MXS in some capacity, but no firm offer was made. The men left the last meeting with no formal agreements or offers to work with each other. Each went his own way. Since the summer of 2005, Mr. DeFranceschi had no further contact with either Mr.

Kartes or Doxasoft.

Nearly a year later, Mr. Kryeziu began working on the development of code for the Onavia video player. When he came to work on the Onavia player, Mr. Kryeziu represented to Mr. DeFranceschi that he had retained nothing from his prior work at MXS. Mr. Kryeziu then developed the Onavia video player from scratch, under a fundamentally different decoding technology and using fundamentally different source code than the work he had done at MXS. (For example, the Onavia video player incorporates an H.264 standard decoder, which uses video de-compression algorithms that are vastly different from the MXS VX-30 non-standards based technology.) Moreover, as the sole developer of the Onavia video player, Mr. Kryeziu never transferred copies of the code to Onavia or to Mr. DeFranceschi. This bears repeating: the Onavia Defendants never had possession of, never had access to, and never did access any of the Onavia player code that Mr. Kryeziu was solely in charge of developing.

Without notice or making any attempt to resolve its concerns with the Onavia Defendants before filing suit, MXS filed the instant action naming Kryeziu, Doxasoft, and the Onavia Defendants as defendants. The complaint came as a complete surprise to Mr. DeFranceschi. Three of the five claims in the suit are asserted against the Onavia Defendants: trade secret misappropriation, violation of section 1125(a) of the Lanham Act, and unfair competition. The Onavia Defendants deny that they have acquired, used, or misappropriated any trade secrets allegedly owned by MXS. The Onavia Defendants also deny any violation of the Lanham Act, 15 U.S.C. § 1125(a), or unfair competition under California Business and Professions Code § 17200. While the Onavia Defendants deny any and all wrongdoing, as a direct result of MXS' actions in filing this litigation, the Onavia Defendants have been forced to suspend operations and are not marketing the Onavia on-line video player at this time.

3. <u>Legal Issues</u>:

A. MXS's Statement of Legal Issues.

As set forth in MXS' complaint and in the answer and counterclaim of the Onavia Defendants, MXS and the Onavia Defendants dispute whether the MXS allegations state a claim and whether the injunctive relief sought by MXS would impermissibly burden the right of Defendant Kryeziu to work. As set forth in the pending motion to dismiss/strike of MXS to dismiss several counts of the Onavia Defendants' counterclaim, those counterclaim counts fail to state a claim because they are directed to litigation acts in this case that are privileged and not actionable during the pendency of this case.

B. Onavia Defendants' Statement of Legal Issues:

The record in this action raises a number of legal issues:

1. Whether MXS owns any valid trade secrets under California law.
2. Whether Mr. Kryeziu passed to Onavia or to Mr. DeFranceschi any alleged trade secrets of MXS.
3. Whether the Onavia Defendants have misappropriated any trade secrets of MXS.
4. Whether MXS owns any Lahnam Act-based rights in the phrase "playerless player".
5. Whether Onavia has violated any aspect of 15 U.S.C. § 1125(a) in describing and marketing its Onavia video player.
6. Whether the Onavia Defendants have competed unfairly under California Business & Professions Code section 17200.
7. Whether Mr. Kryeziu's alleged compliance with the Stipulation to Relief Pendent Lite breaches any duties owed by Mr. Kryeziu to Onavia.
8. Whether MXS's obtaining the materials from Mr. Kryeziu under the Stipulation to

      Relief Pendente Lite amounts to unfair competition.

4.    <u>Motions</u>:

      On June 30, 2008, MXS filed its Motion of Maui X-Stream to Dismiss/Strike Counterclaims (Docket No. 36). The Onavia Defendants anticipate filing their response to the motion on or before September 2, 2008. The motion is presently set for hearing on September 22, 2008.

5.    <u>Amendment of Pleadings</u>:

      None of the represented parties has identified a present need for amendment of pleadings.

6.    <u>Evidence Preservation</u>:

      The parties have discussed and agreed that each of the parties will preserve computer source and object code, electronic and paper correspondence, and account records relating to code written by Defendant Kryeziu and allegedly acquired by Onavia, Inc. In the context of Rule 408 settlement discussions, the Onavia Defendants have made a proposal for access to electronic records in the possession of Onavia, and MXS has responded to that proposal, which remains under discussion. Defendant Kryeziu has also entered into a stipulation filed with this Court in this action on this subject. See Stipulation to Relief Pendente Lite (filed March 7, 2008).

      The Onavia Defendants contend that to the extent Mr. Kryeziu has complied with the terms of the Stipulation to Relief Pendente Lite, he risks breaching his own duties and obligations to Onavia regarding its own trade secrets.

      Counsel for MXS and the Onavia Defendants are in continuing discussions regarding the treatment of Onavia's confidential materials and trade secrets under the Stipulation to Relief Pendente Lite and in light of the proposed protective order recently submitted to the Court.

7. <u>Disclosures</u>:

The represented parties have agreed to exchange written disclosures under Federal Rule of Civil Procedure 26(a) on August 14, 2008 and to permit inspection of Rule 26(a) disclosures of evidence on or near August 22, 2008.  Agreement will be sought from Defendant Kreyziu as well.

8. <u>Discovery</u>:

This Court has entered a standard order for protection of confidential information and documents.

9. <u>Class Actions</u>:

Not applicable.

10. <u>Related Cases</u>:

None.

11. <u>Relief</u>:

MXS seeks permanent injunctive relief to secure the return and protection of all copies of source and object code that embody MXS trade secrets and are presently in the possession of any of the defendants.  MXS seeks damages in an amount according to proof.  MXS anticipates submission of a motion for entry of a default judgment for permanent injunctive relief against Doxasoft Technologies, Inc. pursuant to Federal Rules of Civil Procedure 55(b)(2) and 65.

The Onavia Defendants seek that all of the allegations of the Complaint be dismissed, that MXS take nothing by its claims, and that the Court enter judgment in favor of the Onavia Defendant and against MXS on all claims pertaining to them in the MXS Complaint.  The Onavia Defendants further seek counterclaim relief as stated in their Counterclaims prayer for relief in Docket Entry No. 33.

12. <u>Settlement and ADR</u>:

The parties have conferred and agreed to request settlement conference with a magistrate judge of this Court. The parties have jointly filed a Notice of Need for ADR Phone Conference. (Docket Entry No. 44.) The ADR Unit has scheduled the ADR Phone Conference for August 20, 2008 at 3:00 p.m. The parties propose that the settlement conference be scheduled for a date between November 17 and December 19, 2008.

13. <u>Consent to Magistrate Judge for all Purposes</u>:

MXS consents to a magistrate judge for all purposes. Onavia is unwilling to consent at this time, however would be interested in the Court's guidance on this issue at the Case Management Conference.

14. <u>Other References</u>:

This case is not suitable for reference to binding arbitration or the Judicial Panel on Multidistrict Litigation. The represented parties have not identified a present need for appointment of a special master.

15. <u>Narrowing of the Issues</u>:

The parties are discussing potential factual stipulations based on representations of the Onavia Defendants regarding generation and current physical custody of computer code in dispute.

16. <u>Expedited Schedule</u>:

Lack of initial discovery prevents a present determination whether the case can be streamlined and prepared for trial on an expedited schedule.

17. <u>Scheduling</u>:

The parties propose the following schedule:

February 20, 2009 - Disclosure of expert witnesses

March 20, 2009 – Disclosure of rebuttal expert witnesses

April 24, 2009 – Completion of all discovery

May 29, 2009 – Deadline for filing dispositive motions

October 13, 2009 – Final pretrial conference

November 10, 2009 – Trial

18.  <u>Trial</u>:

MXS and Onavia Defendants have each requested a trial by jury. Anticipated length of trial is one week.

19.  <u>Disclosure of Non-party Interested Entities or Persons</u>:

Represented parties will file Certification of Interested Entities or Persons prior to August 22, 2008.

Dated: August 14, 2008                                /S/ WILLIAM P. KEALEY
                                                      _____
                                                      William P. Kealey
                                                      California Attorney No. 145386
                                                      Stuart & Branigin LLP
                                                      300 Main Street, Suite 900
                                                      Lafayette, IN 47901
                                                      Telephone: (765) 428-7077


Dated: August 14, 2008                                /S/ ANDREW W. STROUD
                                                      _____
                                                      Andrew W. Stroud (State Bar No. 126475)
                                                      Landon D. Bailey (State Bar No. 240236)
                                                      Mennemeier, Glassman & Stroud LLP
                                                      980 9th Street, #1700
                                                      Sacramento, CA 95814
                                                      Telephone: (916) 553-4000
                                                      Facsimile: (916) 553-4011

|   |   |
|---|---|
|   | *Attorneys for Plaintiff Maui X-Stream, Inc.* |

Dated: August 14, 2008                              /S/ Colette E. Vogele
                                                    _____
                                                    Colette E. Vogele (SBN 192862)
                                                    Benjamin A. Costa
                                                    Vogele & Associates
                                                    12 Geary Street, Suite 701
                                                    San Francisco, CA 94108
                                                    Telephone: (415) 205-5737
                                                    Facsimile: (415) 358-4975

                                                    *Attorneys for Onavia, Inc. and*
                                                    *Anton DeFranceschi*

Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from Colette Vogele.

Dated: August 14, 2008                              /S/ WILLIAM P. KEALEY
                                                    _____
                                                    William P. Kealey

## CERTIFICATE OF SERVICE

I certify that on the 14th day of August, 2008, service of a true and complete copy of the above and foregoing pleading or paper was made upon:

> Donna Stevens
> Doxasoft Technologies, Inc.
> P.O. Box 55565
> Santa Clarita, CA 91385
>
> Arben Kryeziu
> 1366 Owaka Street
> Wailuku, HI 96793

by depositing the same in the United States mail in an envelope properly addressed and with sufficient first class postage affixed. I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Colette Vogele, Andrew W. Stroud, Landon D. Bailey, Colette Vogele, and Benjamin A. Costa.

/S/ William P. Kealey

_____
William P. Kealey

469955.1